DAVID HARPAZ *v.* LAIDLAW TRANSIT, INC., ET AL.[1]
(SC 17844)

Norcott, Katz, Palmer, Vertefeuille and Schaller, Js.

[1] The caption of this opinion has been changed to reflect the proper name of the named defendant. We note that although the relevant documents in the workers' compensation proceedings were captioned listing Laidlaw Education Services as the named defendant, the text of the documents correctly listed Laidlaw Transit, Inc., as the plaintiff's employer. Counsel for the defendants also refers to Laidlaw Transit, Inc.; on his brief to this court.

Argued November 28, 2007—officially released March 18, 2008

*Philip F. Spillane,* for the appellant (plaintiff).

*Erik S. Bartlett,* for the appellees (defendants).

KATZ, J. The dispositive issue in this workers' compensation appeal is whether an employer that is deemed "conclusively presumed to have accepted the compensability of the alleged injury" under General Statutes § 31-294c (b)[2] because of its failure to contest liability or commence payment of compensation within the time

[2] General Statutes § 31-294c (b) provides: "Whenever liability to pay compensation is contested by the employer, he shall file with the commissioner, on or before the twenty-eighth day after he has received a written notice of claim, a notice in accord with a form prescribed by the chairman of the Workers' Compensation Commission stating that the right to compensation is contested, the name of the claimant, the name of the employer, the date of the alleged injury or death and the specific grounds on which the right to compensation is contested. The employer shall send a copy of the notice to the employee in accordance with section 31-321. If the employer or his legal representative fails to file the notice contesting liability on or before the twenty-eighth day after he has received the written notice of claim, the employer shall commence payment of compensation for such injury or death on or before the twenty-eighth day after he has received the written notice of claim, but the employer may contest the employee's right to receive compensation on any grounds or the extent of his disability within one year from the receipt of the written notice of claim, provided the employer shall not be required to commence payment of compensation when the written notice of claim has not been properly served in accordance with section 31-321 or when the written notice of claim fails to include a warning that (1) the employer, if he has commenced payment for the alleged injury or death on or before the twenty-eighth day after receiving a written notice of claim, shall be precluded from contesting liability unless a notice contesting liability is filed within one year from the receipt of the written notice of claim, and (2) the employer shall be conclusively presumed to have accepted the compensability of the alleged injury or death unless the employer either files a notice contesting liability on or before the twenty-eighth day after receiving a written notice of claim or commences payment for the alleged injury or death on or before such twenty-eighth day. An employer shall be entitled, if he prevails, to reimbursement from the claimant of any compensation paid by the employer on and after the date the commissioner receives written notice from the employer or his legal representative, in accordance with the form prescribed by the chairman of the Workers' Compensation Commission, stating that the right to compensation is contested. Notwithstanding the provisions of this subsection, an employer who fails to contest liability for an alleged injury or death on or before the twenty-eighth day after receiving a written notice of claim and who fails to commence payment for the alleged injury or death on or before such twenty-eighth day, shall be conclusively presumed to have accepted the compensability of the alleged injury or death."

period prescribed is permitted to contest the extent of the claimant's disability from that alleged injury. The plaintiff, David Harpaz, appeals from the decision of the workers' compensation review board (board) affirming the decision of the workers' compensation commissioner for the seventh district (commissioner) that dismissed the plaintiff's claim against the named defendant, Laidlaw Transit, Inc.[3] The plaintiff contends that the board improperly concluded that, although the defendant was barred from contesting the compensability of the plaintiff's alleged back injury, the defendant was not barred from contesting the compensability of the plaintiff's back surgeries because the conclusive presumption under § 31-294c (b) does not bar challenges to the extent of a claimant's disability. We conclude that the conclusive presumption of compensability under § 31-294c (b) bars challenges to the extent of the disability. Accordingly, we reverse the decision of the board.

The commissioner's decision reflects the following findings of fact and procedural history. On November 7, 2001, the plaintiff, who then was employed by the defendant as a bus driver, was involved in a motor vehicle accident while fulfilling the responsibilities of his job. The plaintiff did not seek medical treatment for the November, 2001 accident until June, 2002. On July 24, 2002, the plaintiff underwent the first of two surgeries on his lumbar spine. On October 31, 2002, the plaintiff filed a notice of claim alleging a back injury as a result of the November, 2001 accident. On March 15, 2003, the defendant filed a notice contesting the extent of the plaintiff's disability and his need for sur-

---

[3] The plaintiff appealed from the board's decision to the Appellate Court pursuant to General Statutes § 31-301b, and we thereafter transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1. The defendant Laidlaw Transit, Inc.'s insurer, Crawford and Company, also is a defendant in this action. For convenience, we refer to Laidlaw Transit, Inc., as the defendant.

gery. On May 15, 2003, the defendant filed another notice contesting the compensability of the alleged injuries. Thereafter, the plaintiff filed a motion to preclude the defendant from contesting compensability, pursuant to § 31-294c (b), which the commissioner granted on the ground that the defendant had filed its notices contesting liability more than twenty-eight days after the plaintiff filed his notice of claim. On March 23, 2004, the plaintiff underwent a second lumbar spine surgery.

Thereafter, at the hearing before the commissioner, the plaintiff contended that the conclusive presumption barring the defendant from contesting compensability under § 31-294c (b) extended to all sequelae of his injury, whereas the defendant contended that the presumption did not prevent it from contesting the extent of the plaintiff's disability or need for surgery.[4] The commissioner concluded that the plaintiff "must establish a direct causal connection between his compensable injury and his need for surgery, notwithstanding [the defendant's] preclusion from contesting liability." The commissioner concluded that, issues of preclusion aside, the plaintiff had failed to establish this connection, crediting the opinion of Glenn Taylor, an orthopedic surgeon who had performed an independent examination of the plaintiff on behalf of the defendant. Accordingly, the commissioner dismissed the plaintiff's claim seeking to have his surgeries found compensable.[5]

---

[4] The plaintiff's proposed finding and award indicates that he had sought compensation for the two surgeries, for total and partial incapacity for periods following the surgeries and for a 37.3 percent permanent partial disability of his back. It appears from the transcript of the hearing before the commissioner that the defendant successfully sought to limit the decision to the issue of the compensability of the surgeries, because compensability of the other benefits hinged on whether the surgeries were compensable.

[5] It is not entirely clear from the commissioner's decision whether he was addressing the 2002 surgery only, the 2004 surgery only or both surgeries. The expert testimony to which the commissioner referred opined only as to whether the 2002 surgery was related to the bus accident, but the commissioner expressly referred to the plaintiff's "need for surgery in 2004" and

The plaintiff appealed from the commissioner's decision to the board, which affirmed the decision. The board found the present case indistinguishable from its decision in *Tucker* v. *Connecticut Winpump, Inc.*, No. 4492, CRB-5-02-2 (February 21, 2003), wherein it had determined that an employer's failure to file a timely denial of liability for an employee's claim of lung injury for workplace exposure to chemicals did not preclude the employer from contesting whether the employee's chronic pulmonary obstructive disease had been caused by the exposure to chemicals. The board noted that, in *Tucker*, the case had "turned on whether the preclusion related to the inhalation of workplace chemicals served to bar evaluation of whatever ailments he claimed were sequelae of the compensable injury." The board explained that it had rejected that claim because of the distinction recognized in the statute and case law between the right to contest liability and the right to contest the extent of disability. The board further explained that its holding in *Tucker* had relied on the fact that "[§ 31-294c] was amended in 1993, removing language [that] limited the ability of [employers] to contest the extent of disability." See Public Acts 1993, No. 93-228, § 8. It rejected the plaintiff's contention that *Tucker* was inconsistent with the Appellate Court's decision in *DeAlmeida* v. *M.C.M. Stamping Corp.*, 29 Conn. App. 441, 615 A.2d 1066 (1992), noting that *DeAlmeida* had predated the substantial revisions to § 31-294c in 1993. This appeal followed.

On appeal, the plaintiff contends that the 1993 amendment to § 31-294c (b) did not change the *effect* of the conclusive presumption, under which an employer is barred from contesting a claimant's right to compensa-

"his surgeries of 2004." Because the plaintiff sought compensation for both surgeries and it appears from the record that both surgeries treated the same injury, we presume that the commissioner dismissed the plaintiff's claim for compensation for both the 2002 and 2004 surgeries.

tion and the extent of his or her disability.[6] He points to the fact that the statute as amended in 1993 retained language referring to the extent of disability. In response, the defendant acknowledges that, under § 31-294c prior to the 1993 amendment, "an employer who did not timely contest compensability may have been precluded from contesting both liability and the extent of the claimant's disability." The defendant contends, however, that, under the 1993 amendment to § 31-294c, "it is clear that the legislature intentionally omitted the language from [the statute], which included the reference to contesting the extent of an employee's disability." We agree with the plaintiff.

Under our well established standard of review, "[w]e have recognized that [a]n agency's factual and discretionary determinations are to be accorded considerable weight by the courts. . . . Cases that present pure questions of law, however, invoke a broader standard of review than is ordinarily involved in deciding whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . . We have determined, therefore, that . . . deference . . . to an agency's interpretation of a statu-

---

[6] In the alternative, the plaintiff contends that, even if an employer may contest the extent of a claimant's disability, the defendant is contesting the *causation* of his medical condition, not the extent of his disability. The plaintiff contends that, under *DeAlmeida* v. *M.C.M. Stamping Corp.*, supra, 29 Conn. App. 441, a challenge to causation is barred by the conclusive presumption of compensability. We note that, in *DeAlmeida*, the Appellate Court did not indicate whether it construed the defendant's challenge to causation as one to the extent of disability or one to compensability more generally. Neither that court nor this court previously has construed the phrase "extent of disability." In light of our conclusion that an employer's failure to commence payment or to contest liability within the prescribed twenty-eight day period bars that employer from raising *all* nonjurisdictional defenses, including those related to the extent of the claimant's disability, however, it is immaterial whether we characterize the defendant's challenge as one to the compensability of the claim generally or one to the extent of the plaintiff's disability or some other possible nonjurisdictional defense.

tory term is unwarranted when the construction of a statute . . . has not previously been subjected to judicial scrutiny [or to] . . . a governmental agency's time-tested interpretation . . . ." (Internal quotation marks omitted.) *Pasquariello* v. *Stop & Shop Cos.*, 281 Conn. 656, 663, 916 A.2d 803 (2007).

Our appellate courts have not examined the conclusive presumption under § 31-294c (b) in relation to challenges to the extent of disability since the 1993 amendment that the board concluded was dispositive of the issue in the present case. Moreover, the board did not indicate that it had applied a time-tested interpretation of the statute since the 1993 amendment. "Accordingly, we do not defer to the board's construction and exercise plenary review in accordance with our well established rules of statutory construction." Id.

"When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . When a statute is not plain and unambiguous, we also look for interpretive guidance to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter . . . ." (Internal quotation marks omitted.) Id., 663–64.

We begin with the text of § 31-294c (b). See footnote 2 of this opinion for the full text of the statute. Although the parties rely on either the inclusion or omission of the phrase "extent of his disability" in different parts of the statute, it is useful first to view these parts within their context of the statute as a whole. See *Maritime Ventures, LLC* v. *Norwalk*, 277 Conn. 800, 826–27, 894 A.2d 946 (2006). The first two sentences of § 31-294c (b) address the procedure that an employer must follow if it wants to contest "liability to pay compensation . . . ." The statute prescribes therein that, within twenty-eight days of receiving a notice of claim, the employer must file a notice stating that it contests the claimant's right to compensation and setting forth the specific ground on which compensation is contested. The third sentence: (1) provides that an employer who fails to file a timely notice contesting liability must commence payment of compensation for the alleged injury within that same twenty-eight day period; and (2) grants the employer who timely commences payment a one year period in which to "contest the employee's right to receive compensation on any grounds *or the extent of his disability*"; but (3) relieves the employer of the obligation to commence payment within the twenty-eight day period if the notice of claim does not, inter alia, include a warning that "the employer shall be conclusively presumed to have accepted the compensability of the alleged injury or death unless the employer either files a notice contesting liability on or before the twenty-eighth day after receiving a written notice of claim or commences payment for the alleged injury or death on or before such twenty-eighth day." (Emphasis added.) General Statutes § 31-294c (b). The fourth sentence provides for reimbursement to an employer who timely pays and thereafter prevails in contesting compensability. Finally, the fifth sentence sets forth the consequences to an employer who neither

timely pays nor timely contests liability: "Notwithstanding the provisions of this subsection, an employer who fails to contest liability for an alleged injury or death on or before the twenty-eighth day after receiving a written notice of claim and who fails to commence payment for the alleged injury or death on or before such twenty-eighth day, *shall be conclusively presumed to have accepted the compensability of the alleged injury or death.*" (Emphasis added.) General Statutes § 31-294c (b).

The plaintiff relies on the language in the third sentence of § 31-294c (b) addressing "the extent of . . . disability" as evidence that, contrary to the board's decision, the 1993 amendment did not change the limitation on an employer's right to contest the extent of disability. The defendant, on the other hand, relies on the omission of any language in the last sentence of the statute expressly barring the right to contest the extent of disability.

We conclude that the text of § 31-294c (b) does not yield a plain meaning as to the issue in this appeal for reasons beyond those raised by the parties and considered by the board. On the one hand, the fifth sentence mandating the conclusive presumption of compensability does not provide expressly that this presumption bars challenges to the extent of disability. In addition, the third sentence relieves the employer of its obligation to commence payment if the employee's notice of claim does not warn the employer that it "shall be conclusively presumed to have accepted the compensability of the alleged injury or death" if it fails to pay or contest liability within the prescribed period; General Statutes § 31-294c (b); but does not require the warning to state that the employer will be barred from contesting the extent of disability. These omissions would suggest that an employer is not barred from doing so.

On the other hand, however, the third sentence of the statute expressly preserves the employer's right to contest the extent of disability, up to one year, only *if* it timely commences payment. The limited preservation of that right raises the question of whether, by negative implication, an employer who fails to preserve that right by its timely payment of compensation (or who fails timely to contest the claim) is barred from asserting such a defense. In other words, although the fifth sentence of § 31-294c (b) providing the conclusive presumption of compensability does not forbid challenges to the extent of disability, one has to question why the legislature would have preserved expressly and for a limited period of time the right of an employer who timely pays compensation to contest the extent of an employee's disability and yet would have placed no limit on the right of an employer who fails to pay compensation in compliance with the statute to raise such a defense. Finally, we note that the statute varyingly refers to "liability" and "compensability," without a clear indication whether the terms are used synonymously or have a different meaning. See *Hasselt* v. *Lufthansa German Airlines*, 262 Conn. 416, 426, 815 A.2d 94 (2003) (" '[t]he use of the different terms . . . within the same statute suggests that the legislature acted with complete awareness of their different meanings . . . and that it intended the terms to have different meanings' "). Accordingly, the statute yields no plain meaning, and we turn to the genealogy and legislative history of § 31-294c (b) to answer the issue raised in this appeal.[7]

---

[7] We note that, although the board relied on its previous decision in *Tucker* v. *Connecticut Winpump, Inc.*, supra, No. 4492, CRB-5-02-2, as precedent for its conclusion in the present case that the 1993 amendment to § 31-294c (b) eliminated the bar on contesting the extent of disability, in neither the present case nor *Tucker* did the board examine the genealogy and legislative history of § 31-294c (b).

The genesis of the conclusive presumption is Public Acts 1967, No. 842, § 7. Prior to that public act, General Statutes (Rev. to 1967) § 31-297 set forth essentially the same procedure that an employer must follow if it wants to contest liability as do the first two sentences of the current version of § 31-294c (b). Section 31-297, however, prescribed no consequences for employers' untimely disclaimer of liability, and workers' compensation commissioners had taken varied approaches to that issue. See *Menzies* v. *Fisher*, 165 Conn. 338, 343, 334 A.2d 452 (1973). The 1967 public act addressed that issue by adding the following sentence: "If the employer or his legal representative fails to file the notice contesting liability within the time prescribed herein, the employer shall be conclusively presumed to have accepted the compensability of such alleged injury or death and shall have no right thereafter to contest the employee's right to receive compensation[8] on any grounds or the extent of his disability." Public Acts 1967, No. 842, § 7.

In this court's first opinion addressing the conclusive presumption, *Menzies* v. *Fisher*, supra, 165 Conn. 342–43, the court explained: "The statutory changes which are of concern to us here were in one small section of a rather substantial piece of legislation, Public Acts 1967, No. 842. By this [public] act the legislature sought to correct some of the glaring inequities and inadequacies of the Workmen's Compensation Act. Among the defects in previous provisions of the [Workmen's Compensation Act] were the needless, prejudicial delays in

---

[8] Although the term "compensation" was not defined by statute until 1991; see *Schiano* v. *Bliss Exterminating Co.*, 260 Conn. 21, 37 n.12, 792 A.2d 835 (2002); the term long had been understood and later was defined to include all benefits provided under the Workers' Compensation Act—indemnity (permanent impairment), disability (incapacity) and medical, surgical and hospital costs. See *Weinberg* v. *ARA Vending Co.*, 223 Conn. 336, 345–47, 612 A.2d 1203 (1992); see also General Statutes § 31-275 (4) (defining "compensation").

the proceedings before the commissioners, delays by employers or insurers in the payment of benefits, lack of knowledge on the part of employees that they were entitled to benefits and the general inequality of resources available to claimants with bona fide claims. See 12 H.R. Proc., Pt. 9, 1967 Sess., pp. 4035–37. When the amendment was proposed for passage, the member of the committee presenting the bill (1967 Sess., H.B. 2161) stated: 'The present law requires employers to give notice of intention to contest within [twenty] days after notice of injury. The commissioners are not in agreement as to what the results are when the employer fails to give the required notice, or where the notice involved does not comply with the law. Some hold, in effect, that there is no penalty, while others hold there is no right to contest liability, but the extent of injury may still be contested. This section clears up the situation. It provides that within [twenty] days after written notice of claim is made, the employer must file a statement of intention to contest and the basis upon which he will contest. *If he fails to file this notice within the time stated or the notice is defective, the employer cannot thereafter contest either liability or extent of liability.* This will mean that employers will now have to reinvestigate claims promptly and act quickly; it also means that employees will be able to learn early in the proceedings what the defects are, if any, in their claims.' 12 H.R. Proc., Pt. 9, 1967 Sess., p. 4036." (Emphasis added.)

In *Adzima* v. *UAC/Norden Division*, 177 Conn. 107, 108–109, 411 A.2d 924 (1979), this court concluded that the conclusive presumption did not bar an employer who timely had paid all benefits due under the initial claim from contesting a subsequent claim for additional benefits.[9] Specifically, the court framed the issue as

[9] In *Adzima* v. *UAC/Norden Division*, supra, 177 Conn. 108, the plaintiff's decedent had sustained a workplace injury, thereafter had undergone back surgery to relieve pain, but subsequently had refused another surgery to

whether "to extend the 'conclusive preclusion of defense' provision of [then § 31-297 (b)] beyond situations where an employer contests its initial liability to pay compensation, to a situation such as the present case, where the employer disputes only the extent of the [claimant's] disability." Id., 113. The court concluded that "a claim for [permanent] disability, resulting from partial incapacity, under [General Statutes (Rev. to 1971)] § 31-308 (m) may not be translated into an initial claim for liability to which our holding in *Menzies* . . . would apply." Id., 116. The court noted: "The statute clearly speaks to a threshold failure on the employer's part to contest 'liability': to claim, for example, that the injury did not arise out of and in the course of employment . . . [or] that the injury fell within an exception to the coverage provided by workmen's compensation . . . . *If there is such a failure to contest, both liability, and any substantive claim as to the extent of disability, are precluded.*" (Citations omitted; emphasis added.) Id., 113–14.

Thereafter, in *DeAlmeida* v. *M.C.M. Stamping Corp.*, supra, 29 Conn. App. 441, the Appellate Court considered the application of the conclusive presumption to an employer that, like in the present case, had failed to file a timely notice contesting liability or to commence

treat continued pain. The employer paid all benefits due during this time. Id., 108–109. Shortly after refusing the second surgery, the decedent died, and the plaintiff sought indemnity benefits for a 25 percent permanent partial disability to the decedent's back. Id., 108–10. Because the defendant employer had failed to file a timely notice contesting the indemnity claim, the plaintiff contended that the board improperly had concluded that the conclusive presumption under § 31-297 (b) did not bar the defendant employer from contesting whether the decedent had reached maximum medical improvement before his death, the prerequisite for receipt of that benefit. Id., 109. In affirming the board's decision, the court in *Adzima* underscored that, in the case before it, there was no question that the claimant had a right to receive compensation, as evidenced by the fact that the benefits "would be in the nature of continuing disability payments, arising after acceptance of an employee's initial claim." Id., 115.

timely payment of compensation.[10] The court affirmed the board's decision concluding that the conclusive presumption barred the defendant employer from challenging the causal relationship between the plaintiff's employment and his claim for compensation for low back strain syndrome and degenerative disc disease. Id., 443–46. The Appellate Court reasoned: "[The workers' compensation] statutes compromise an employee's right to a common law tort action for work related injuries in return for relatively quick and certain compensation. . . . Thus, in order to meet the legislative purpose of creating a quick vehicle for the recovery by the claimant for work related injuries, time constraints as mandated by the statute are a critical method of ensuring that the purpose of the statute will be fulfilled." (Citations omitted; internal quotation marks omitted.) Id., 446. The court noted that "[t]he language of § 31-297 (b) is absolute in its terms. . . . The [board] correctly determined that where a motion for preclusion has been granted, the issue of causation is subject to it and is, thus, conclusively presumed." (Citations omitted.) Id., 448–49.

These cases indicate that, under the revision of § 31-297 (b) as amended by the 1967 public act, an employer could contest the claim from the outset or could contest the extent of disability if it timely paid all the benefits due under the initial claim. If, however, the employer was deemed "conclusively presumed to have accepted the compensability of [the] alleged injury"; Public Acts 1967, No. 842, § 7; the employer was barred from

---

[10] The statute applicable in *DeAlmeida* was the 1987 revision of § 31-297 (b), which, for all intents and purposes, was the same as the 1967 revision of that statute as amended by the 1967 public act. The Appellate Court rejected the defendant's contention that Public Acts 1990, No. 90-116, § 9, which relieved the employer of its obligation to pay if the employee's notice was defective and which is discussed later in this opinion, applied retroactively to the case. *DeAlmeida* v. *M.C.M. Stamping Corp.*, supra, 29 Conn. App. 449–50.

asserting *all* nonjurisidictional defenses,[11] including those that might bear on the extent of the employee's disability. See also *Ash* v. *New Milford*, 207 Conn. 665, 673, 541 A.2d 1233 (1988) ("[O]nce the commissioner found statutory preclusion of any defense to compensability, he was no longer permitted to make any factual exploration or finding concerning such a potential question. [The employer's] threshold failure to contest liability foreclosed any further inquiry [not involving jurisdiction of the Workers' Compensation Act]." [Internal quotation marks omitted.]); *Castro* v. *Viera*, 207 Conn. 420, 431, 541 A.2d 1216 (1988) (referring to " 'conclusive preclusion of defense' provision of [§ 31-297 (b)]"). We therefore turn to the post-1967 amendments to the statute.

In 1990, the legislature added the following proviso to the preclusion of defense language in § 31-297 (b): "If the employer or his legal representative fails to file the notice contesting liability within the time prescribed herein,[12] the employer shall be conclusively presumed to have accepted the compensability of such alleged injury or death and shall have no right thereafter to contest the employee's right to receive compensation

---

[11] Although initially, the Appellate Court had construed the conclusive presumption to bar an employer even from asserting jurisdictional defenses to a claim; *LaVogue* v. *Cincinnati, Inc.*, 9 Conn. App. 91, 93, 516 A.2d 151, cert. denied, 201 Conn. 814, 518 A.2d 72 (1986); *Bush* v. *Quality Bakers of America*, 2 Conn. App. 363, 372–74, 479 A.2d 820, cert. denied, 194 Conn. 804, 482 A.2d 709 (1984); this court thereafter recognized that the conclusive presumption cannot bar defenses related to the commissioners' subject matter jurisdiction under the Workers' Compensation Act. See *Castro* v. *Viera*, 207 Conn. 420, 429, 541 A.2d 1216 (1988) (employer not barred from contesting employer-employee relationship); *Del Toro* v. *Stamford*, 270 Conn. 532, 547, 853 A.2d 95 (2004) (employer not barred from contesting whether injury for which compensation is sought is covered); see also *Infante* v. *Mansfield Construction Co.*, 47 Conn. App. 530, 534–35, 706 A.2d 984 (1998) (employer not barred from contesting timely initiation of claim).

[12] Public Acts 1989, No. 89-31, extended the time period from twenty days to twenty-eight days for an employer to give notice that it was contesting a claim for any injury sustained on or after October 1, 1989.

on any grounds or the extent of his disability, *provided the employer shall not be conclusively presumed to have accepted compensability when the written notice of claim has not been properly served in accordance with [General Statutes §] 31-321 or when the written notice of claim fails to include a warning that the employer shall be precluded from contesting liability unless a notice contesting liability is filed within the time period set forth in this section.*" (Emphasis added.) Public Acts 1990, No. 90-116, § 9 (P.A. 90-116). This amendment is significant because it appears to be the genesis of the notice requirement in the third sentence of the current version of § 31-294c (b), under which an employer is relieved of the obligation to commence payment within the twenty-eight day period if the notice of claim is similarly deficient. Indeed, like the current statute, the proviso added by P.A. 90-116 relieved the employer of its obligations if the claimant's notice failed to include a warning regarding preclusion, but did not mandate that the warning state expressly that an effect of the presumption would be a bar on contesting the extent of disability. That consequence is clear, however, by virtue of the language expressly so providing that precedes the proviso. Accordingly, P.A. 90-116 did not affect the employer's inability to contest the extent of disability once the conclusive presumption attached. Rather, it provided that the presumption would not attach if, and only if, the employer failed to receive adequate notice from the claimant.

There is additional evidence that the legislature at this time considered the preclusion language to encompass a bar on contesting the extent of disability. The 1990 substitute bill originally reported out of committee had proposed to amend § 31-297 (a), the subsection setting forth the claimant's obligations, rather than to amend § 31-297 (b), the subsection setting forth the employer's obligations. See Substitute House Bill No.

5099, § 5. That bill stated that the claimant's notice "shall . . . be on a form prescribed by the [workers' compensation] commissioner, which *may* be in the following configuration . . . ." (Emphasis added.) Id. The suggested configuration provided, inter alia: "If a notice contesting liability is not filed within the time prescribed herein, the employer shall be precluded from contesting the employee's right to receive compensation on any grounds or the extent of his disability." Id. Ultimately, the legislature deleted the permissive notice form in favor of the proviso in subsection (b), which expressly relieved the employer from further obligations if the notice of claim was deficient. See Substitute House Bill No. 5099, § 5, as amended by Amendment A. Representative Joseph A. Adamo, house chairman of the joint standing committee on labor and public employees, provided the following explanation of the amended bill during debate in the House of Representatives: "[W]e provide the protections that business thought were necessary in lieu of the form of notice which basically puts in place that there will not be a conclusive presumption of acceptance one, when the claim does not meet the notice requirement set out in [§] 31-321 or two, when the written notice fails to include a warning that the employer shall be precluded from contesting unless notice of contesting liability is filed within the time period set forth in this section." 33 H.R. Proc., Pt. 7, 1990 Sess., p. 2283.

Thus, P.A. 90-116 simply added a notice requirement regarding the conclusive presumption, leaving intact the existing conclusive presumption and its attendant effects—a bar on any defenses, including those challenging the extent of disability. The legislature presumably was fully cognizant that the effect of the conclusive presumption was harsh, but ensured through P.A. 90-116 that employers would be warned of the consequences of their untimely response to a notice of claim.

See *Black* v. *London & Egazarian Associates, Inc.*, 30 Conn. App. 295, 304–305, 620 A.2d 176 ("We recognize that the effect of the preclusion statute is often harsh. We note further that the legislature has amended the workers' compensation statutes subsequent to the events giving rise to this case by providing a requirement of notice of preclusion to employers. . . . Nonetheless, strict adherence to the [Workers' Compensation Act's] time constraints are essential to effectuate the legislative purpose of 'creating a quick vehicle for recovery by the claimant for work related injuries . . . .' " [Citation omitted.]), cert. denied, 225 Conn. 916, 623 A.2d 1024 (1993).

The following year, the legislature deleted subsections (a) and (b) from § 31-297 and added those subsections with no substantive changes to a new statute, § 31-294c. See Public Acts 1991, No. 91-32, §§ 11 and 16. Notably, at that same time, the legislature added a conclusive presumption with an identical effect to General Statutes § 31-355 to address circumstances wherein the second injury fund had failed to file a timely notice contesting liability. See Public Acts 1991, No. 91-207, § 1 ("[i]f the treasurer fails to file the notice contesting liability within the time prescribed in this section, the treasurer shall be conclusively presumed to have accepted the compensability of such alleged injury or death from the second injury fund *and shall have no right thereafter to contest the employee's right to receive compensation on any grounds or contest the extent of the employee's disability*" [emphasis added]).

In 1993, the legislature undertook comprehensive reforms to the Workers' Compensation Act. Although this court often has focused on the principal goal of that act—cutting costs for employers and insurers; see, e.g., *Rayhall* v. *Akim Co.*, 263 Conn. 328, 346, 819 A.2d 803 (2003); *Schiano* v. *Bliss Exterminating Co.*, 260 Conn. 21, 40, 792 A.2d 835 (2002); we have recognized

that the legislature also undertook at this time to make the system more efficient and to ensure that employees received prompt payment of compensation.[13] See *Del Toro* v. *Stamford*, 270 Conn. 532, 547, 853 A.2d 95 (2004).

Initially, these reforms did not include any changes to § 31-294c (b). See Raised House Bill No. 7172. During committee hearings, however, employer representatives testified that the existing twenty-eight day limitation period for employers to contest claims needed to be changed. See Conn. Joint Standing Committee Hearings, Labor and Public Employees, Pt. 5, 1993 Sess., p. 1732, written testimony of George R. Bleazard, director of safety and health for Pfizer, Inc.'s manufacturing facility in Groton; Conn. Joint Standing Committee Hearings, Labor and Public Employees, Pt. 4, 1993 Sess., p. 1324, remarks of Steve Senior, terminal manager for Roadway Express, Inc.; see also written statement submitted by Bonnie Stewart, representative of Connecticut Business and Industry Association, with attached draft of workers' compensation reform proposal included in legislative file for House Bill No. 7172. These statements reflect the employers' understanding that, under existing law, the only way they could avoid the conclusive presumption and preserve their right to contest liability for any aspect of an employee's claim was

---

[13] For example, one reform in 993 imposed a 20 percent penalty, *in addition to other interest or penalties*, on late payment of compensation due under an award, a voluntary agreement or from the second injury fund. See Public Acts 1993, No. 93-228, § 14, now codified at General Statutes § 31-303. Prior to 1993, the act already provided penalties for untimely payment, one of which permitted a court to assess 12 percent interest and attorney's fees for an employer's failure either to contest liability in a timely manner or to commence payment within thirty-five days after the filing of a claim. See General Statutes § 31-300 (authorizing court to "include in the award in the case of undue delay in payments of compensation, interest at twelve per cent per annum and a reasonable attorney's fee" and providing that "[p]ayments not commenced within thirty-five days after the filing of a written notice of claim shall be presumed to be unduly delayed unless a notice to contest the claim is filed in accordance with section 31-297").

to file a notice contesting that claim within twenty-eight days. Thus, if they failed to contest a claim and began to make payments, they understood that they were barred from thereafter contesting the claim. See written statement submitted by Stewart and attached draft of workers' compensation reform proposal included in legislative file for House Bill No. 7172 ("In a case where the employer is uncertain about *any aspect of his liability*, to protect himself, he must file a notice to contest liability within [twenty-eight] days. If he does not, he is forever barred from contesting and has 'bought the claim for life.' However, in protecting himself [by contesting the claim], the employee's legal right to any indemnity payment is delayed." [Emphasis added.]); id. ("the law is unfair as written, because employers who do not contest a case within the time allowed must pay the costs of a claim *throughout its life*" [emphasis added]); Conn. Joint Standing Committee Hearings, Labor and Public Employees, Pt. 4, 1993 Sess., p. 1324, testimony of Senior ("Currently if a claim is not contested within [twenty-six] days of our knowledge of that claim, it is presumed to have been accepted. If an employer pays a medical bill, he has *fully accepted the claim although he may want to contest the disability issues*." [Emphasis added.]). One representative of business interests contended that the existing system benefited neither employers nor employees and suggested amending the statute to permit employers to pay a claim but retain the right thereafter to contest liability, subject to paying a penalty if the contested claim ultimately was determined to be compensable. See written statement submitted by Stewart and attached draft of workers' compensation reform proposal included in legislative file for House Bill No. 7172.

Apparently in response to these concerns, the bill reported out of the labor and public employees commit-

tee, Substitute House Bill No. 7172, § 9,[14] proposed to amend § 31-294c (b) by eliminating the conclusive presumption that altogether barred an employer's "right thereafter to contest the employee's right to receive compensation on any grounds" and the "extent of the employee's disability" if the employer had failed to contest liability within twenty-eight days. Instead, the bill proposed to preserve those same defenses, for a one year period, for employers who timely paid compensation and to provide reimbursement to such employers who thereafter prevailed. In keeping with that change, Substitute House Bill No. 7172 also proposed to amend the notice requirement to provide in relevant part that "the employer shall not be presumed to have accepted compensability and shall not be required to commence

---

[14] Substitute House Bill No. 7172, § 9, proposed the following changes to § 31-294c (b), with bracketed material reflecting proposed deletions and upper case material proposing additions: "If the employer or his legal representative fails to file the notice contesting liability [within the time prescribed in this subsection] ON OR BEFORE THE TWENTY-EIGHTH DAY AFTER HE HAS RECEIVED THE WRITTEN NOTICE OF CLAIM, the employer shall be [conclusively] presumed to have accepted the compensability of the alleged injury or death and shall COMMENCE PAYMENT OF COMPENSATION FOR SUCH INJURY OR DEATH WITHIN THE PRESCRIBED TIME LIMITATIONS OF THIS CHAPTER [have no right thereafter to], BUT MAY contest the employee's right to receive compensation on any grounds or the extent of his disability WITHIN ONE YEAR FROM THE RECEIPT OF THE WRITTEN NOTICE OF CLAIM, provided the employer shall not be [conclusively] presumed to have accepted compensability AND SHALL NOT BE REQUIRED TO COMMENCE PAYMENT OF COMPENSATION when the written notice of claim has not been properly served in accordance with section 31-321 or when the written notice of claim fails to include a warning that the employer shall be precluded from contesting liability unless a notice contesting liability is filed within [the time period set forth in this subsection] ONE YEAR FROM THE RECEIPT OF THE WRITTEN NOTICE OF CLAIM. THE EMPLOYER SHALL BE ENTITLED, IF HE PREVAILS, TO REIMBURSEMENT FROM THE CLAIMANT OF ANY COMPENSATION PAID BY THE EMPLOYER ON AND AFTER THE DATE THE COMMISSIONER RECEIVES WRITTEN NOTICE FROM THE EMPLOYER OR HIS LEGAL REPRESENTATIVE, IN ACCORDANCE WITH THE FORM PRESCRIBED BY THE CHAIRMAN OF THE WORKERS' COMPENSATION COMMISSION, STATING THAT THE RIGHT TO COMPENSATION IS CONTESTED."

payment of compensation when the written notice . . . fails to include a warning that the employer shall be precluded from contesting liability unless a notice contesting liability is filed within one year from the receipt of the written notice of claim."

Thereafter, the office of legislative research raised the following concern in its bill analysis: "Although the bill specifies that an employer is precluded from contesting a claim if he does not do so within one year of receiving the notice of claim, it does not say what happens when an employer neither files a notice of intent to contest within the first [twenty-eight] days nor begins paying compensation before the [twenty-eight] days are up. The bill appears to give an employer who does not begin payments up to one year to contest a claim."[15] Office of Legislative Research, Amended Bill Analysis for Substitute House Bill No. 7172, p. 85. Evidently, to address this omission and the unintended benefit such omission might provide to noncomplying employers, approximately one week later, the legislature adopted an amendment to Substitute House Bill No. 7172. It mandated that the employee's notice of claim contain two warnings: (1) if the employer commenced payment within twenty-eight days of receiving a claim, it would have a one year period to contest liability; and (2) if the employer neither commenced

---

[15] We note that the summaries prepared by the office of legislative research expressly provide: " 'The following fiscal impact statement and bill analysis are prepared for the benefit of members of the General Assembly, solely for purposes of information, summarization and explanation and do not represent the intent of the General Assembly or either house thereof for any purpose.' " Office of Legislative Research, Bill Analysis for Substitute House Bill No. 7172; Office of Legislative Research, Amended Bill Analysis for Substitute House Bill No. 7172, as amended by House Amendment A. Although the comments of the office of legislative research are not, in and of themselves, evidence of legislative intent, they properly may bear on the legislature's knowledge of interpretive problems that could arise from a bill. See, e.g., *State* v. *George J.*, 280 Conn. 551, 575, 910 A.2d 931 (2006), cert. denied, 549 U.S. 1326, 127 S. Ct. 1919, 167 L. Ed. 2d 573 (2007).

payment nor filed a notice contesting liability within that twenty-eight day period, it would be "conclusively presumed to have accepted the compensability of the alleged injury or death . . . ." Substitute House Bill No. 7172, as amended by Amendment A.[16] The amend-

[16] Substitute House Bill No. 7172, § 8, as amended by Amendment A, proposed the following changes to § 31-294c (b), with bracketed material reflecting proposed deletions and upper case material reflecting proposed additions: "If the employer or his legal representative fails to file the notice contesting liability [within the time prescribed in this subsection] ON OR BEFORE THE TWENTY-EIGHTH DAY AFTER HE HAS RECEIVED THE WRITTEN NOTICE OF CLAIM, the employer shall [be conclusively presumed to have accepted the compensability of the alleged injury or death and shall have no right thereafter to] COMMENCE PAYMENT OF COMPENSATION FOR SUCH INJURY OR DEATH ON OR BEFORE THE TWENTY-EIGHTH DAY AFTER HE HAS RECEIVED THE WRITTEN NOTICE OF CLAIM, BUT THE EMPLOYER MAY contest the employee's right to receive compensation on any grounds or the extent of his disability WITHIN ONE YEAR FROM THE RECEIPT OF THE WRITTEN NOTICE OF CLAIM, provided the employer shall not be [conclusively presumed to have accepted compensability] REQUIRED TO COMMENCE PAYMENT OF COMPENSATION when the written notice of claim has not been properly served in accordance with section 31-321 or when the written notice fails to include a warning that (1) the employer, IF HE HAS COMMENDED PAYMENT FOR THE ALLEGED INJURY OR DEATH ON OR BEFORE THE TWENTY-EIGHTH DAY AFTER RECEIVING A WRITTEN NOTICE OF CLAIM, shall be precluded from contesting liability unless a notice contesting liability is filed within [the time period set forth in this subsection] ONE YEAR FROM THE RECEIPT OF THE WRITTEN NOTICE OF CLAIM, AND (2) THE EMPLOYER SHALL BE CONCLUSIVELY PRESUMED TO HAVE ACCEPTED THE COMPENSABILITY OF THE ALLEGED INJURY OR DEATH UNLESS THE EMPLOYER EITHER FILES A NOTICE CONTESTING LIABILITY ON OR BEFORE THE TWENTY-EIGHTH DAY AFTER RECEIVING A WRITTEN NOTICE OF CLAIM OR COMMENCES PAYMENT FOR THE ALLEGED INJURY OR DEATH ON OR BEFORE SUCH TWENTY-EIGHTH DAY. AN EMPLOYER SHALL BE ENTITLED, IF HE PREVAILS, TO REIMBURSEMENT FROM THE CLAIMANT OF ANY COMPENSATION PAID BY THE EMPLOYER ON AND AFTER THE DATE THE COMMISSIONER RECEIVES WRITTEN NOTICE FROM THE EMPLOYER OR HIS LEGAL REPRESENTATIVE, IN ACCORDANCE WITH THE FORM PRESCRIBED BY THE CHAIRMAN OF THE WORKERS' COMPENSATION COMMISSION, STATING THAT THE RIGHT TO COMPENSATION IS CONTESTED. NOTWITHSTANDING THE PROVISIONS OF THIS SUBSECTION, AN EMPLOYER WHO FAILS TO CONTEST LIABILITY FOR AN ALLEGED INJURY OR DEATH ON OR BEFORE THE TWENTY-EIGHTH DAY AFTER RECEIVING A WRITTEN

ment also added the following sentence: "Notwithstanding the provisions of this subsection, an employer who fails to contest liability for an alleged injury or death on or before the twenty-eighth day after receiving a written notice of claim and who fails to commence payment for the alleged injury or death on or before such twenty-eighth day, shall be conclusively presumed to have accepted the compensability of the alleged injury or death." Id.

Thus, just like its predecessors, § 31-294c (b), as amended by Public Act 93-228, § 8, required that the employee's notice contain a warning that untimely actions by the employer would result in a conclusive presumption, without requiring that the notice state the *effect* of that conclusive presumption. At the same time, like its predecessors, the statute gives contextual meaning to the presumption by reference to the terms that precede it. An employer who timely commences payment has one year from receiving notice of the claim to contest liability, the same one year period for challenging the claimant's right to receive compensation on any ground or the extent of his disability. By contrast, the employer who does not commence payment within the prescribed period is conclusively presumed to have accepted the compensability of the injury.

It is significant that the legislature added the final sentence prescribing the conclusive presumption to address problems that arose as a result of language that appeared to extend the one year period to contest liability—either the right to compensation on any ground or the extent of disability—not only to employers who timely had commenced payment, but also to

NOTICE OF CLAIM AND WHO FAILS TO COMMENCE PAYMENT FOR THE ALLEGED INJURY OR DEATH ON OR BEFORE SUCH TWENTY-EIGHTH DAY, SHALL BE CONCLUSIVELY PRESUMED TO HAVE ACCEPTED THE COMPENSABILITY OF THE ALLEGED INJURY OR DEATH."

employers who had failed to comply with the statutory mandates. The legislature's responsive, contemporaneous action strongly suggests that it specifically intended the final sentence of § 31-294c (b) to distinguish between the rights of an employer who timely commenced payment of compensation and the rights of an employer who neither timely paid nor timely contested liability—the former being permitted to contest both the employee's right to compensation on any ground and the extent of his disability for one year from notice of the claim, and the latter being precluded from asserting such defenses altogether upon the employer's failure to comply with the twenty-eight day period to respond to the notice of claim.[17] Under such a construction, the 1993 amendment would have changed the status quo for employers who timely had paid compensation, but would have retained the status quo for employers who had not paid timely.

Comments during legislative debate on the amended bill support this distinction. During debate in the House of Representatives on Substitute House Bill No. 7172, as amended by Amendment A, Representative Michael Lawlor summarized the effect of the 1993 amendment on § 31-294c (b) as follows: "Opening the [twenty-eight] day restriction on the time during which an employer can challenge application for [workers'] compensation system. We allow challenges up to one year." 36 H.R. Proc., Pt. 18, 1993 Sess., p. 6143; see id., p. 6254, remarks of Representative Lawlor ("[t]here is a deadline of one year on the amount of time during which an employer

---

[17] Indeed, although the defendant views the "extent of disability" language in § 31-294c (b) as permissive, not implicitly preclusive, it correctly posits in its brief to this court: "The 'extent of disability' language . . . is only triggered when an employer commences payment on, or before, the twenty-eighth day after receiving notice of a claim. It actually is a benefit to the employer who begins paying within twenty-eight days, because it allows that employer not only to contest compensability, but also to contest the extent of the claimant's alleged disability."

can contest an application for benefits"); see also Office of Legislative Research, Amended Bill Analysis for Substitute House Bill No. 7172, as amended by House Amendment A, p. 75 (Explaining "Pay Without Prejudice" changes to § 31-294c under the bill as amended by House Amendment A as follows: "If the employer chooses to pay without prejudice, [this] allows him still to contest the compensability of the injury or the extent of the employee's disability up to one year after receiving the claim notice. . . . Continues to preclude from contesting a claim any employer who does not respond to a properly served claim notice within [twenty-eight] days after receiving it.").

Indeed, there is not a single indication in the vast legislative history of Public Act 93-228, including the concerns raised by the business representatives that prompted the legislature to amend § 31-294c (b), that the amendment was intended to alter the status quo except to expand the time period—from twenty-eight days to one year—in which employers that elected to pay compensation could contest a claim. Put differently, there is no evidence that the legislature intended to provide a benefit to employers who failed to comply with their statutory obligations that heretofore had been denied those employers.

Undoubtedly, the vast nature of the 1993 reforms could explain why proponents of the bill would not have mentioned every aspect of those reforms. It seems counterintuitive, however, that a change to the law that had been in effect for the preceding twenty-seven years—from 1967 to 1993—prescribing a conclusive presumption that barred employers from asserting any defenses to "liability or extent of liability"; *Menzies* v. *Fisher*, supra, 165 Conn. 343; would have taken place without a single legislator or employee representative expressing some comment. See *Statewide Grievance Committee* v. *Rozbicki*, 211 Conn. 232, 244, 558 A.2d

986 (1989) (" '[a] major change in legislative policy, we believe, would not have occurred without some sort of opposition or at least discussion in the legislature' "), cert. denied, 502 U.S. 1094, 112 S. Ct. 1170, 117 L. Ed. 2d 416 (1992), quoting *George P. Gustin Associates, Inc.* v. *Dubno,* 203 Conn. 198, 208, 524 A.2d 603 (1987).

In sum, the genealogy and the legislative history of § 31-294c (b) explain why the statute preserves an employer's right to contest a claimant's right to compensation on any ground and the extent of his disability upon timely payment, while both the required warning notice to the employer of the conclusive presumption and the conclusive presumption itself do not refer expressly to a bar on contesting the extent of disability. Dating from its inception in the 1990 public act, the legislature never required the warning to state the specific consequences of the conclusive presumption; instead, the broader term it used when referring to the warning notice—contesting liability—always has been given contextual meaning by reference to the terms that precede it, a bar on contesting the right to compensation on any ground or the extent of disability. Although the 1993 public act did not state expressly that the conclusive presumption would bar such defenses, it expressly set forth the prerequisite for preserving the right to assert such defenses—timely payment of compensation. See Public Act 93-228, § 8. Upon satisfying that prerequisite, the employer would have one year to raise any defense, including contesting the extent of disability. The language limiting this right to certain employers for a specified period of time, indicates that, just as an employer would preserve its right to assert such defenses if it timely paid compensation, the employer necessarily would lose the right to assert those same defenses if it did not pay compensation within the prescribed period. Indeed, reading the public act otherwise, an employer who complied with the legis-

lature's clear intent to encourage timely payment would be subject to a one year limitation for contesting the extent of disability, but an employer who violated that intent by neither paying nor contesting compensability within the prescribed period would be subject to no statutory limitation on its right to contest the extent of disability.[18] "We are obligated to search for a construction of the statute that makes a harmonious whole of its constituent parts." *International Brotherhood of Police Officers, Local 564* v. *Jewett City*, 234 Conn. 123, 136, 661 A.2d 573 (1995); accord *Chambers* v. *Electric Boat Corp.*, 283 Conn. 840, 845, 930 A.2d 653 (2007). The construction we have given the statute is the only one that renders all parts of the statute in harmony.

We therefore conclude that, under § 31-294c (b), if an employer neither timely pays nor timely contests liability, the conclusive presumption of compensability attaches and the employer is barred from contesting the employee's right to receive compensation on any ground or the extent of the employee's disability. Such a penalty is harsh, but it reflects a just and rational result. *Chambers* v. *Electric Boat Corp.*, supra, 283 Conn. 845 ("we are mindful that the legislature is presumed to have intended a just and rational result" [internal quotation marks omitted]). An employer readily can avoid the conclusive presumption by either filing a timely notice of contest or commencing timely payment of compensation with the right to repayment if the

---

[18] We are mindful that, as a practical matter, as long as an employee pursued his claim with the commissioner, the employer would not have had an unlimited time to contest compensability because, at the hearing before the commissioner, the employer would have to contest or concede liability. See General Statutes § 31-297. There is no evidence in the legislative history to § 31-294c that the hearing requirements under § 31-297, which predate the conclusive presumption; see Public Acts 1961, No. 491, § 19; had any bearing on the 1993 amendments, which clearly were directed to the limited purpose of providing a benefit to employers who timely had paid compensation.

employer prevails. Should the employer's timely and reasonable investigation reveal that an issue regarding the extent of disability has not yet manifested, the employer still can preserve its right to contest that issue at some later point in time simply by paying the compensation due under the claim, even if all that is due is payment of medical bills. See *Adzima* v. *UAC/Norden Division*, supra, 177 Conn. 108; see also footnote 8 of this opinion discussing definition of "compensation."

It is clear, however, that the legislature prescribed the conclusive presumption for the purpose of protecting employees with "bona fide claims." *Menzies* v. *Fisher*, supra, 165 Conn. 342, 343. Accordingly, although the legislature intended to bar noncomplying employers from contesting compensability, there is no evidence that it intended to relieve a claimant of his responsibility under the Workers' Compensation Act—to prove that he has suffered a compensable injury, i.e., an injury that arose out of and in the course of his employment, including the extent of his disability. See General Statutes §§ 31-275 and 31-284; see also *Pereira* v. *State*, 228 Conn. 535, 542, 637 A.2d 392 (1994) ("In order to qualify for workers' compensation benefits a claimant must prove five distinct elements. . . . One of the elements of a prima facie claim is that the claimant has suffered a personal injury arising 'out of and in the course of employment.'" [Citation omitted.]). It is an axiom of workers' compensation law that the plaintiff must establish the predicates to compensation "by competent evidence." *Pereira* v. *State*, supra, 544; *Murchison* v. *Skinner Precision Industries, Inc.*, 162 Conn. 142, 151, 291 A.2d 743 (1972). The conclusive presumption does not disturb these well settled principles. Indeed, § 31-294c (b) provides that the *employer* is conclusively presumed to have accepted the compensability of the injury, not that the *injury* is conclusively presumed to be compensable.

In the present case, the commissioner stated that, preclusion aside, the plaintiff would need to establish the compensability of his injury, or more specifically, the causal connection between his need for surgery and his compensable injury. Because the commissioner expressly credited the defendant's expert over the plaintiff's expert, the commissioner concluded that the plaintiff had failed to sustain his burden. There is nothing, however, to suggest that the commissioner would have made the same determination in the absence of the expert testimony presented by the defendant. Accordingly, because the defendant neither commenced payment to the plaintiff nor filed a notice contesting liability within the prescribed twenty-eight day period, under § 31-294c (b), on remand, the defendant is barred from contesting the compensability of the plaintiff's claim, including the extent of the plaintiff's disability, leaving the plaintiff to his burden of proof.

The decision of the board is reversed and the case is remanded to the board with direction to reverse the commissioner's decision and to remand the case to the commissioner for further proceedings consistent with this opinion.

In this opinion the other justices concurred.