THOMAS DUBROSKY *v.* BOEHRINGER
INGELHEIM CORPORATION ET AL.
(AC 35030)

Beach, Bear and Borden, Js.

Argued May 29—officially released August 27, 2013

*Colette S. Griffin*, with whom was *Harrold St. Juste*, for the appellants (defendants).

*Lawrence Morizio*, for the appellee (plaintiff).

*Opinion*

BORDEN, J. The dispositive issue in this workers' compensation appeal is whether an employer is deemed conclusively precluded from contesting the extent of a disability under General Statutes § 31-294c (b) [1] when it

[1] General Statutes § 31-294c (b) provides in relevant part: "Whenever liability to pay compensation is contested by the employer, he shall file with the commissioner, on or before the twenty-eighth day after he has received a written notice of claim, a notice in accord with a form prescribed by the chairman of the Workers' Compensation Commission stating that the right to compensation is contested, the name of the claimant, the name of the employer, the date of the alleged injury or death and the specific grounds on which the right to compensation is contested. The employer shall send a copy of the notice to the employee in accordance with section 31-321. If the employer or his legal representative fails to file the notice contesting liability on or before the twenty-eighth day after he has received the written notice of claim, the employer shall commence payment of compensation for such injury or death on or before the twenty-eighth day after he has received the written notice of claim, but the employer may contest the employee's right to receive compensation on any grounds or the extent of his disability within one year from the receipt of the written notice of claim, provided the employer shall not be required to commence payment of compensation when the written notice of claim has not been properly served in accordance with section 31-321 or when the written notice of claim fails to include a warning that (1) the employer, if he has commenced payment for the alleged injury or death on or before the twenty-eighth day after receiving a written notice of claim, shall be precluded from contesting liability unless a notice contesting liability is filed within one year from the receipt of the written notice of claim, and (2) the employer shall be conclusively presumed to have accepted the compensability of the alleged injury or death unless the employer either files a notice contesting liability

was impossible to commence payment of compensation within the statutory time period. The defendant employer, Boehringer Ingelheim Corporation,[2] appeals from the decision of the Workers' Compensation Review Board (board) affirming the decision of the Workers' Compensation Commissioner for the Fourth District (commissioner) granting the motion to preclude pursuant to § 31-294c (b) filed by the plaintiff, Thomas Dubrosky.[3] We reverse the decision of the board.

The following facts, as found by the commissioner, and procedural history are relevant to our resolution of this appeal. The plaintiff has worked for the defendant since 1974 as a pharmaceutical salesman. On January 9, 2009, the plaintiff slipped and fell on ice in the driveway of the Stratford Community Health Clinic while carrying product samples back to his vehicle after a business call. On January 12, 2009, the plaintiff reported the incident to his supervisor by e-mail. The plaintiff did not immediately seek medical treatment and did not miss any time from work.[4]

---

on or before the twenty-eighth day after receiving a written notice of claim or commences payment for the alleged injury or death on or before such twenty-eighth day. . . . Notwithstanding the provisions of this subsection, an employer who fails to contest liability for an alleged injury or death on or before the twenty-eighth day after receiving a written notice of claim and who fails to commence payment for the alleged injury or death on or before such twenty-eighth day, shall be conclusively presumed to have accepted the compensability of the alleged injury or death."

[2] Esis New England WC Claims, the workers' compensation liability insurer for Boehringer Ingelheim Corporation, also is a defendant. For convenience we refer in this opinion to Boehringer Ingelheim Corporation as the defendant.

[3] The defendant also claims that the board improperly upheld the commissioner's conclusion that the plaintiff's need for knee replacement surgery is causally related to the work related injury. In light of our conclusion that the defendant was improperly precluded from contesting the extent of the plaintiff's disability, it is unnecessary for us to address this claim.

[4] The plaintiff's e-mail to his supervisor described his incident as a "[f]all in parking [l]ot" and the injury was "RT & LT knees" with an outcome of "[p]ainful and difficulty walking" and "[l]eft [k]nee swollen and unable to

The plaintiff filed a form 30C[5] on February 18, 2009, seeking compensation for an injury to his left knee sustained during the slip and fall. The plaintiff first sought medical attention from his orthopedist, David F. Bindelgass, as part of a follow-up visit regarding his already arthritic left knee on February 27, 2009. The plaintiff subsequently sought medical treatment from Dr. Bindelglass on March 27 and October 2, 2009. The defendant received a bill from Dr. Bindelglass on June 1, 2009, seeking payment for treatments rendered to the plaintiff on February 27 and March 27, 2009. The defendant paid the bill on June 18, 2009. The defendant later paid another medical bill related to the plaintiff's treatment by Dr. Bindelglass on October 2, 2009.

The defendant filed a form 43[6] contesting the claim on October 20, 2009, less than one year from the claimed injury.[7] A formal hearing was held before the commissioner on January 3 and 31, 2011. The issues before the commissioner related to compensability for and

bend." The e-mail also included that his action in response to the incident was to "[w]ait and see—ice, elevate, home medication, rest. If pain and inability to walk persist will see physician."

[5] "A form 30C is the document prescribed by the . . . commission to be used when filing a notice of claim pursuant to the [Workers' Compensation Act]." (Internal quotation marks omitted.) *Lamar* v. *Boehringer Ingelheim Corp.*, 138 Conn. App. 826, 828 n.3, 54 A.3d 1040, cert. denied, 307 Conn. 943, 56 A.3d 951 (2012).

[6] "A form 43 is a disclaimer that notifies a claimant who seeks workers' compensation benefits that the employer intends to contest liability to pay compensation. If an employer fails timely to file a form 43, a claimant may file a motion to preclude the employer from contesting the compensability of his claim." (Internal quotation marks omitted.) *Lamar* v. *Boehringer Ingelheim Corp.*, 138 Conn. App. 826, 828 n.2, 54 A.3d 1040, cert. denied, 307 Conn. 943, 56 A.3d 951 (2012).

[7] The defendant's form 43 stated the following: "[The defendant] maintains that the current need for treatment and any periods of future disability are related to the underlying preexisting degenerative joint disease and not the work incident of 01/09/09. Ongoing treatment should be placed to group insurance. In addition; prior payment of medicals have been paid without prejudice. Carrier is seeking a medical authorization from the employee to collect all prior records."

causation of the injury, whether the form 43 was timely filed, the defendant's contest of the plaintiff's claim, the plaintiff's motion to preclude, and the defendant's motion to dismiss. The defendant withdrew its motion to dismiss at the January 31, 2011 hearing and accepted that an incident had occurred, but it sought to maintain its ability to contest the extent of the plaintiff's disability. At the end of the hearing, the only issues remaining before the commissioner were whether to grant the plaintiff's motion to preclude and whether the defendant could contest the extent of the plaintiff's injury. The plaintiff, in his motion to preclude, argued that the defendant had failed to file a timely disclaimer to the plaintiff's form 30C, and, therefore, under § 31-294c (b), the defendant was conclusively presumed to have accepted the compensability of the injury and the extent of the alleged disability.

On September 6, 2011, the commissioner issued a finding and award granting the plaintiff's motion to preclude. The commissioner concluded that the plaintiff filed a timely form 30C and, although the defendant had verbally accepted the claim, no voluntary agreement had been issued by the close of the record. The commissioner further found that although the defendant could not have commenced payment within twenty-eight days of the plaintiff's filing a form 30C because no medical bills had been received from the plaintiff during that time, the defendant could have filed a form 43 within the twenty-eight day period under the statute. Consequently, the commissioner precluded the defendant from contesting the plaintiff's claim, including the extent of his disability. The commissioner found that Dr. Bindelglass, who testified for the plaintiff, causally related the plaintiff's medical condition and need for treatment to the January 9, 2009 injury, and ordered the defendant to pay for all reasonable and necessary

medical treatments and indemnity benefits related to the plaintiff's claim.

The defendant subsequently filed a motion to correct, which the commissioner denied in its entirety. The defendant filed a petition for review with the board on September 19, 2011, arguing, inter alia, that the commissioner improperly granted the plaintiff's motion to preclude in view of his finding that the defendant could not have paid for medical treatment within twenty-eight days of receiving the plaintiff's written notice of claim. The board issued an opinion affirming the commissioner's granting of the plaintiff's motion to preclude. The board held that because the defendant did not take any material actions responsive to the plaintiff's form 30C within the statutorily mandated period of twenty-eight days, the commissioner was obligated to grant the motion to preclude. This appeal followed.

On appeal, the defendant claims that the board improperly upheld the commissioner's ruling granting the plaintiff's motion to preclude because of the defendant's failure to comply with § 31-294c (b) by filing a notice to contest liability or commencing payment of medical bills within twenty-eight days of receiving the plaintiff's notice of claim. Specifically, the defendant argues that it could not comply with § 31-294c (b) to contest its liability, and that it was not able to commence payment of medical bills within twenty-eight days because no medical bills were generated within the statutory time period. We conclude that, under the facts of this case, it was not reasonably practical for the board to require the defendant to have complied with § 31-294c (b), and, therefore, the board's decision to uphold the commissioner's granting of the motion to preclude was improper.[8]

---

[8] Because we conclude that the defendant reasonably could not have complied with § 31-294c (b), and reverse the board's decision on that ground, we need not discuss the defendant's alternative theory based on its verbal acceptance of the claim as constituting a voluntary agreement.

We begin by setting forth our standard of review governing workers' compensation appeals. "The conclusions drawn by [the commissioner] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . Neither the . . . board nor this court has the power to retry facts. It is well established that [a]lthough not dispositive, we accord great weight to the construction given to the workers' compensation statutes by the commissioner and [the] board. . . . The commissioner has the power and duty, as the trier of fact, to determine the facts." (Internal quotation marks omitted.) *Mehan* v. *Stamford*, 127 Conn. App. 619, 625, 15 A.3d 1122, cert. denied, 301 Conn. 911, 19 A.3d 180 (2011). "Our scope of review of the actions of the board is similarly limited. . . . The role of this court is to determine whether the review [board's] decision results from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them." (Internal quotation marks omitted.) *Bugryn* v. *State*, 97 Conn. App. 324, 327, 904 A.2d 269, cert. denied, 280 Conn. 929, 909 A.2d 523 (2006).

"In deciding a motion to preclude, the commissioner must engage [in] a two part inquiry. First, he must determine whether the employee's notice of claim is adequate on its face.[9] See General Statutes § 31-294c (a). Second, he must decide whether the employer failed to comply with § 31-294c either by filing a notice to contest the claim or by commencing payment on that claim within twenty-eight days of the notice of claim. See General Statutes § 31-294c (b). If the notice of claim

[9] The form 30C required the plaintiff to "[d]escribe [his] [i]njury and [h]ow [i]t [h]appened." The plaintiff responded: "I was leaving a business call [at] the Stratford Community Health Clinic. I fell carrying my samples in the driveway of parking lot." Although the plaintiff described how his injury occurred, there is no description of the plaintiff's injury. The commissioner did not find that or explain why the plaintiff's claim was adequate on its face.

is adequate but the employer fails to comply with the statute, then the motion to preclude must be granted." *Callender* v. *Reflexite Corp.*, 137 Conn. App. 324, 338, 49 A.3d 211, cert. granted on other grounds, 307 Conn. 915, 54 A.3d 179 (2012).

Our Supreme Court has articulated the underlying purpose of § 31-294c (b) on several occasions. In *Harpaz* v. *Laidlaw Transit, Inc.*, 286 Conn. 102, 110–11, 942 A.2d 396 (2008), our Supreme Court examined the preclusion scheme set forth in § 31-294c (b): "The first two sentences of § 31-294c (b) address the procedure that an employer must follow if it wants to contest liability to pay compensation . . . . The statute prescribes therein that, within twenty-eight days of receiving a notice of claim, the employer must file a notice stating that it contests the claimant's right to compensation and setting forth the specific ground on which compensation is contested. The third sentence: (1) provides that an employer who fails to file a timely notice contesting liability must commence payment of compensation for the alleged injury within that same twenty-eight day period; and (2) grants the employer who timely commences payment a one year period in which to 'contest the employee's right to receive compensation on any grounds *or the extent of his disability*'; but (3) relieves the employer of the obligation to commence payment within the twenty-eight day period if the notice of claim does not, inter alia, include a warning that 'the employer shall be conclusively presumed to have accepted the compensability of the alleged injury or death unless the employer either files a notice contesting liability on or before the twenty-eighth day after receiving a written notice of claim or commences payment for the alleged injury or death on or before such twenty-eighth day.' . . . General Statutes § 31-294c (b). The fourth sentence provides for reimbursement to an employer who timely pays and thereafter prevails

in contesting compensability. Finally, the fifth sentence sets forth the consequences to an employer who neither timely pays nor timely contests liability: 'Notwithstanding the provisions of this subsection, an employer who fails to contest liability for an alleged injury or death on or before the twenty-eighth day after receiving a written notice of claim and who fails to commence payment for the alleged injury or death on or before such twenty-eighth day, *shall be conclusively presumed to have accepted the compensability of the alleged injury or death.*' . . . General Statutes § 31-294c (b)." (Emphasis in original.) Id., 110–11. In *Harpaz*, our Supreme Court further concluded that the conclusive presumption of compensability under § 31-294c (b) bars challenges to both the employer's liability and the extent of the disability. Id., 105.

"Our Supreme Court, in discerning the legislative intent behind the notice requirement of General Statutes (Rev. to 1968) § 31-297 (b), now § 31-294c (b), explained that the statute is meant to ensure (1) that employers would bear the burden of investigating a claim promptly and (2) that employees would be timely apprised of the specific reasons for the denial of their claim. . . . The court noted that the portion of the statute providing for a conclusive presumption of liability in the event of the employer's failure to provide timely notice was intended to correct some of the glaring inequities of the workers' compensation system, specifically, to remedy the disadvantaged position of the injured employee . . . ." (Internal quotation marks omitted.) *Lamar* v. *Boehringer Ingelheim Corp.*, 138 Conn. App. 826, 840, 54 A.3d 1040, cert. denied, 307 Conn. 943, 56 A.3d 951 (2012).

Applying these principles to the case before us, we conclude that the defendant was unable to comply with § 31-294c (b), and, therefore, was improperly precluded from contesting the extent of the plaintiff's disability.

It is undisputed that both the commissioner and the board found that it was not possible for the defendant to have commenced timely payment of medical bills, because no medical bills were generated until after the twenty-eight day statutory time period had elapsed.

The plaintiff, however, urges us to conclude, as both the commissioner and the board did,[10] that the defendant could instead have filed a timely form 43 to avoid the conclusive presumption under § 31-294c (b). We disagree.

Form 43 is entitled, "Notice to Compensation Commissioner and Employee of Intention to Contest Employee's Right to Compensation Benefits," and includes space for the employer to provide identifying information, details of the employee's injury and an empty box for the employer to fill in details regarding the employer's intention to "contest liability to pay compensation benefits to the employee named on this form." See State of Connecticut Workers' Compensation Commission, "Form 43," (last modified July 13, 2009), available at http://www.wcc.state.ct.us/download/acrobat/43.pdf (last visited August 13, 2013). The language of form 43 indicates that it is to be used by employers who are contesting their liability to pay alleged compensation benefits. The form does not include a space for those employers who initially accept liability but may later, after investigation, choose to contest the extent of the disability. This distinction is not a superficial one, as an employer who is contesting

_____

[10] The commissioner found that "[w]hile the [defendant] could not have paid for medical treatment within the [twenty-eight] day period because it was unaware such treatment had been provided, the [defendant] could have filed a [f]orm 43 within the relevant period . . . ." The board's decision recognized that "[w]hile it may not have been possible in this case to pay for medical care or pay indemnity payments without prejudice, it was possible to file a [f]orm 43 (or in the alternative, accept the claim) and advise the [plaintiff] as to what the [defendant's] intentions were."

liability is distinguishable from one who solely contests the extent of the disability. For example, in *Adzima* v. *UAC/Norden Division*, 177 Conn. 107, 113, 411 A.2d 924 (1979), our Supreme Court recognized the difference between an employer contesting the extent of the employee's disability instead of its liability: "The statute clearly speaks to a threshold failure on the employer's part to contest 'liability': to claim, for example, that the injury did not arise out of and in the course of employment . . . that the injury fell within an exception to the coverage provided by workmen's compensation . . . or that the plaintiff was not an employee of the defendant, but an independent contractor . . . ." (Citations omitted.) See id., 114 ("no question that [employee's] injury was a compensable injury within the terms of the workmen's compensation statute, i.e., that he had a 'right to receive compensation'; the only contest concerned the extent of his lower back disability").

Although we have no doubt that employers may have previously used form 43 to disclaim only the extent of a disability and not liability, amending the form to suit their specific disclaimer needs,[11] that procedure unfairly

[11] Indeed the chairman of the board specifically alluded to employers filing a form 43 as a matter of course during the parties' oral argument on the defendant's petition for review, stating that "[t]here wasn't a legal impossibility of filing a form 43 in saying, in effect, that we are investigating and we'll get back to you, or we leave you to your proof, or something akin to a general denial, which is happening day in and day out on a regular basis, the [form] 30C comes in on Monday, the [form] 43 goes out on Tuesday." Even if we were to conclude, however, that the defendant should have filed a form 43 to make sure that it was not precluded from contesting liability in the event that it sought to contest the extent of the disability, such a "general denial" would not have been sufficient to serve as adequate notice. See *Menzies* v. *Fisher*, 165 Conn. 338, 347–48, 334 A.2d 452 (1973) (employer's notice that stated "[w]e deny a compensable accident or injury" was fatally deficient in failing to "reveal to the claimant the specific grounds on which the right to compensation is contested" [internal quotation marks omitted]); also see *Wilcox* v. *Naugatuck*, 16 Conn. App. 676, 677–78, 548 A.2d 469 (1988) (Employer's disclaimer failed to meet statutory requirements: "Employee did not sustain accidental injury as defined by the Workers'

requires such employers either to amend the form or to state untruthfully their intention to contest liability in order to preserve their ability to later challenge the extent of disability. The legislature, however, designed preservation of such challenges by allowing an employer, instead of filing a form 43, to commence payment of compensation for the alleged injury within the twenty-eight day period; and granting the employer who timely commences payment a one year period in which to "contest the employee's right to receive compensation on any grounds *or the extent of his disability* . . . ." (Emphasis added.) General Statutes § 31-294c (b); see *Harpaz* v. *Laidlaw Transit, Inc.*, supra, 286 Conn. 123–24 (discussing intent of 1993 amendments to § 31-294c [b] to allow for preservation of employer's right to contest liability and extent of disability for one year period for employers who timely paid compensation).

The circumstances of this case, however, place the defendant squarely within a situation that the statutory scheme fails to contemplate, namely, where an employee files a form 30C claim for which the employer does not contest liability but fails to generate medical bills within twenty-eight days for the employer to commence payment. To require strict compliance in a case such as this creates an incentive for claimants to deliberately delay seeking medical treatment until the very end of the twenty-eight day period such that the employer cannot file a timely form 43 to avoid being precluded from contesting the extent of the claimant's disability because no medical bills are generated sufficiently within the statutory time period to allow the employer "to commence payment." See General Statutes § 31-294c (b). "We have often recognized that those

Compensation Act. We deny the injury, any disability and casual relation." [Internal quotation marks omitted.]).

who promulgate statutes . . . do not intend to promulgate statutes . . . that lead to absurd consequences or bizarre results." (Internal quotation marks omitted.) *Lamar* v. *Boehringer Ingelheim Corp.*, supra, 138 Conn. App. 835.

"It is well settled that notice provisions under the [Workers' Compensation Act] should be strictly construed." *Soares* v. *Max Services, Inc.*, 42 Conn. App. 147, 164, 679 A.2d 37, cert. denied, 239 Conn. 915, 682 A.2d 1005 (1996). As this court has recognized, however, "[o]ur requirement of strict compliance . . . has presumed the possibility of compliance." *Thompson* v. *Roach*, 52 Conn. App. 819, 823, 728 A.2d 524, cert. denied, 249 Conn. 911, 733 A.2d 227 (1999) (affirming board's decision not to preclude transfer of liability to Second Injury Fund where notice was impossible to give and concluding that failure to comply strictly with workers' compensation law's notice requirements did not preclude transfer of liability to fund). Thus, where notice, by filing a form 43 or commencing medical payments is impossible to provide in a timely manner, the failure to comply strictly with § 31-294c (b) will not preclude the employer from contesting the extent of the employee's disability. See *Vaillancourt* v. *New Britain Machine/Litton*, 224 Conn. 382, 393 n.10, 618 A.2d 1340 (1993) ("[w]e suggest, however, that further construction of the notice [of employee's claim] provision, when and if it becomes necessary, would not require a type of notice that is impossible to give"). Finally, we note the limited applicability of this excusing of strict compliance because in the vast majority of workers' compensation cases it will be possible for an employer either to file a truthful form 43 because it is actually contesting liability or to pay medical bills generated by the claimant within twenty-eight days. As neither option was available to the defendant under the circumstances of this case, it should not be precluded from contesting the

extent of the plaintiff's disability when it filed its form 43 within one year from the date of the injury.

The decision of the Workers' Compensation Review Board is reversed and the case is remanded to the board with direction to reverse the decision of the commissioner and to remand the case to the commissioner for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.