******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

# MARCELLA WOODBURY-CORREA *v.* REFLEXITE CORPORATION
## (AC 39397)

DiPentima, C. J., and Elgo and Bright, Js.

*Syllabus*

Pursuant to statute (§ 31-294c [b]), "an employer who fails to contest liability for an alleged injury . . . on or before the twenty-eighth day after receiving a written notice of claim and who fails to commence payment for the alleged injury . . . on or before such twenty-eighth day, shall be conclusively presumed to have accepted the compensability of the alleged injury . . . ."

The plaintiff employee appealed to this court from the decision of the Compensation Review Board affirming the decision of the Workers' Compensation Commissioner denying her motion to preclude the defendant employer from contesting the compensability of her injuries pursuant to § 31-294c (b). The commissioner denied the plaintiff's motion to preclude on the ground that it was not possible for the defendant to comply with § 31-294c (b) under the facts of this case. Specifically, the commissioner found that on April 17, 2009, the plaintiff had filed a form 30C notifying the defendant that she was seeking compensation for repetitive trauma injuries she sustained at work, but the defendant did not file a proper and timely form 43 to contest liability for the plaintiff's claim. The commissioner concluded that although the defendant had not filed a proper and timely form 43, it was impossible for the defendant to have complied with § 31-294c (b) because it could not commence payment within the twenty-eight day statutory time period where, as here, it had not received any medical bills or claims for benefits from the plaintiff during that time. The board affirmed the commissioner's decision, agreeing that it had been impossible for the defendant to file a timely form 43 under these circumstances. The board further concluded that although the defendant had failed to file a timely form 43, it had filed a proper form 43 contesting liability with the Workers' Compensation Commission, which was sent to the commission via facsimile transmission on July 24, 2009. On the plaintiff's appeal to this court, *held*:

1. The board exceeded its authority by making a new factual finding, in contradiction to that made by the commissioner, that the defendant had filed a proper, albeit untimely, form 43 contesting liability: the commissioner expressly found that the defendant had not filed a proper and timely form 43 as required by § 31-294c (b), the parties did not request the commissioner to correct that finding or challenge that finding on appeal to the board, the plaintiff specifically argued to the board that the commissioner had found that the defendant had never filed a proper form 43 with the commission as required by § 31-294c (b), and a review of the exhibits relied on by the commissioner in support of that finding demonstrated that it was not clearly erroneous; moreover, although the record revealed that the defendant had faxed a copy of its form 43 to the commission on July 24, 2009, within one year of the plaintiff's notice of claim, both form 43 and the applicable statute (§ 31-321) require notice of service to be made either personally or by registered or certified mail, and the record on appeal contained no properly filed form 43 served on the commission in accordance with § 31-321.

2. The board improperly affirmed the commissioner's decision denying the plaintiff's motion to preclude the defendant from contesting liability on the basis of impossibility: although the defendant was unable to commence payment within the statutory twenty-eight day time period because the plaintiff's medical bills had not been submitted during that time, the defense of impossibility was not applicable in this case, as the defendant contested liability rather than the extent of the plaintiff's disability, and, therefore, it was not impossible for and the defendant was required to file a form 43 notice of intent to contest liability on or before the twenty-eighth day after it had received the plaintiff's form 30C notifying it of her claim pursuant to § 31-294c (b); accordingly,

because the defendant failed to file a form 43 to contest liability for the plaintiff's work related repetitive trauma claim within twenty-eight days of the plaintiff's filing of her claim, the plaintiff's motion to preclude the defendant from contesting liability should have been granted.

Argued January 28—officially released June 18, 2019

*Procedural History*

Appeal from the decision by the Workers' Compensation Commissioner for the Sixth District denying the plaintiff's motion to preclude the defendant from contesting liability as to her claim for certain workers' compensation benefits, brought to the Compensation Review Board, which affirmed the commissioner's decision, and the plaintiff appealed to this court. *Reversed*; *further proceedings*.

*Jennifer B. Levine*, with whom was *Harvey L. Levine*, for the appellant (plaintiff).

*Colin J. Hoddinott*, with whom, on the brief, was *Deborah J. DelBarba*, for the appellee (defendant).

*Opinion*

BRIGHT, J. The plaintiff, Marcella Woodbury-Correa, appeals from the decision of the Compensation Review Board (board) affirming the decision of the Workers' Compensation Commissioner (commissioner), denying the plaintiff's motion to preclude[1] the defendant, her employer, Reflexite Corporation, from contesting liability for the repetitive trauma injuries claimed and noticed on her form 30C.[2] On appeal, the plaintiff claims that the board (1) exceeded its authority by making new factual findings that contradict the findings made by the commissioner, and (2) erred in affirming the commissioner's denial of the motion to preclude the defendant from contesting liability for the plaintiff's repetitive trauma injuries. We agree with both claims and reverse the decision of the board.

We begin with the underlying facts as found by the commissioner, as well as the procedural history and uncontested facts as revealed by the record. On April 17, 2009, the plaintiff had an existing employment relationship with the defendant. On that date, she filled out a form 30C claiming repetitive trauma injuries, the symptoms of which, she alleged, began in 2003. She sent the form 30C via certified mail on April 18, 2009, both to the defendant and to the Workers' Compensation Commission (commission). Both the commission and the defendant received the form 30C on April 20, 2009. The defendant did not file a proper and timely form 43 to dispute liability.[3] On February 24, 2014, pursuant to General Statutes § 31-294c (b), the plaintiff filed a motion to preclude the defendant from contesting liability for her repetitive trauma injuries. Nearly one year later, on January 5, 2015, the defendant filed a written objection to the plaintiff's motion on the ground that it had filed a form 43 in a timely manner.[4]

The commissioner found that the commission file reflected that "there were never any claims for indemnity or medical benefits for the [plaintiff]," and that the "first claim for benefits was . . . some five years after the claimed date of injury." The commissioner, thereafter, concluded that it was "impossible for the [defendant] to comply with the statutory requirements to issue any benefit payments during the [twenty-eight] day period following the filing of the [plaintiff's] form 30C as no benefits were claimed," and, on that basis, he denied the plaintiff's motion to preclude the defendant from contesting liability. The plaintiff filed a petition for review of the commissioner's decision with the board.[5]

A hearing was held before the board on March 18, 2016. In a June 22, 2016 written decision, the board affirmed the commissioner's decision denying the plaintiff's motion to preclude the defendant from contesting liability, specifically agreeing, in part, that the defendant was not able to file a timely form 43 due to "impossibil-

ity." This appeal followed. Additional facts will be set forth as necessary.

Before reviewing the plaintiff's claims, we set forth the applicable standard of review. "The commissioner has the power and duty, as the trier of fact, to determine the facts . . . and [n]either the . . . board nor this court has the power to retry facts. . . . The conclusions drawn by [the commissioner] from the facts found [also] must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . [Moreover, it] is well established that [a]lthough not dispositive, we accord great weight to the construction given to the workers' compensation statutes by the commissioner and review board. . . . Cases that present pure questions of law, however, invoke a broader standard of review than is ordinarily involved in deciding whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . . We have determined, therefore, that the traditional deference accorded to an agency's interpretation of a statutory term is unwarranted when the construction of a statute . . . has not previously been subjected to judicial scrutiny [or to] . . . a governmental agency's time-tested interpretation . . . . Furthermore, [i]t is well established that, in resolving issues of statutory construction under the [Workers' Compensation Act (act), General Statutes § 31-275 et seq.], we are mindful that the act indisputably is a remedial statute that should be construed generously to accomplish its purpose. . . . The humanitarian and remedial purposes of the act counsel against an overly narrow construction that unduly limits eligibility for workers' compensation. . . . Accordingly, [i]n construing workers' compensation law, we must resolve statutory ambiguities or lacunae in a manner that will further the remedial purpose of the act. . . . [T]he purposes of the act itself are best served by allowing the remedial legislation a reasonable sphere of operation considering those purposes. . . .

"Our scope of review of the actions of the board is similarly limited. . . . The role of this court is to determine whether the review [board's] decision results from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them." (Citations omitted; internal quotation marks omitted.) *Wiblyi* v. *McDonald's Corp.*, 168 Conn. App. 77, 84–86, 144 A.3d 1075 (2016).

"In deciding a motion to preclude, the commissioner must engage [in] a two part inquiry. First, he must determine whether the employee's notice of claim is adequate on its face. See General Statutes § 31-294c (a). Second, he must decide whether the employer failed to comply with § 31-294c either by filing a notice to contest the claim or by commencing payment on that

claim within twenty-eight days of the notice of claim. See General Statutes § 31-294c (b).[6] If the notice of claim is adequate but the employer fails to comply with the statute, then the motion to preclude must be granted." (Footnote altered; internal quotation marks omitted.) Id., 86–88.

I

The plaintiff claims that the board exceeded its authority by making a new factual finding concerning the form 43 that contradicts the finding made by the commissioner, despite the fact that the commissioner's finding had not been challenged on appeal to the board. She argues that the board acted improperly "when it liberally construed the unambiguous factual finding of the commissioner that 'a proper and timely form 43 was not filed by the [defendant]' to mean that 'the form 43 that was filed was not "proper" [because] it was not "timely."' The board not only inserted a new factual finding into the commissioner's decision, but [it] deleted the commissioner's original finding that the defendant failed to properly serve the commission with a form 43 in accordance with its statutory mandate." We agree.

In his findings, the commissioner specifically found that "[e]vidence produced at the formal hearing as well as the contents of the commission's file indicate that a proper and timely form 43 was not filed by the [defendant]." The commissioner cited, as support for this finding, several exhibits. The commissioner was not requested to correct this finding, and neither party challenged this finding on appeal to the board. Moreover, although the finding was not preserved for review, an examination of the exhibits cited by the commissioner readily confirms that this finding was not clearly erroneous. The plaintiff properly filed a form 30C claiming repetitive trauma injuries, as found by the commissioner, which was received both by the board and by the defendant on April 20, 2009. On May 5, 2009, the defendant sent its form 43, via certified mail, to the plaintiff's attorney, as evidenced by the return receipt. The defendant did not serve the commission with its form 43 at that time. Instead, on July 24, 2009, despite the requirements of General Statutes § 31-321[7] and form 43,[8] the defendant sent, via *facsimile transmission*, its form 43 to the commission.

The board, in its written decision, attacked the argument of the plaintiff's attorney that the "commissioner found that the [defendant] never filed a form 43 with the . . . commission as required by the act. Therefore, statutory preclusion must lie." (Internal quotation marks omitted.) The board opined that the statement of the plaintiff's attorney was "unequivocally factually incorrect [in that the defendant] did file a form 43 contesting the claim which was received by the commission on July 24, 2009, a date more than [twenty-eight] days

after the claimant filed her form 30C seeking benefits but well within the one year safe harbor period to contest the extent of disability . . . . The trial commissioner in [his] findings . . . found that the [defendant] had not filed 'a *proper and timely* form 43.' . . . We suggest that the trial commissioner inartfully expressed . . . in [his] findings . . . that the form 43 that was filed was not 'proper' as it was not 'timely.' To suggest in pleadings before this commission, and indeed again at oral argument before this tribunal, that a form 43 had *never* been filed by the [defendant], or that the evidence presented would support such a factual finding by the trial commissioner, is a distortion of the facts on the record." (Citations omitted; footnote omitted; emphasis in original.) The board thereafter proceeded to review the plaintiff's appeal as though the commissioner had found that the defendant's form 43 had been filed untimely with the commission, but, nonetheless, properly filed. We agree with the plaintiff that this was in error.

The commissioner clearly found that "a proper and timely form 43 *was not filed* by the [defendant]." (Emphasis added.) The plaintiff's attorney had argued to the board that the commissioner had found that the defendant had never filed a form 43 with the commission *as required by the act*. A review of the commissioner's findings reveals that the argument of the plaintiff's attorney was accurate and not "a distortion of the facts on the record." The defendant improperly and untimely sent its form 43 to the commission in a facsimile transmission. As indicated by the commissioner's decision, a proper form that complied with the act was not filed by the defendant. Form 43 and § 31-321 do not contain any language that permits the filing of a form 43 by facsimile transmission to the commission; rather, both the form and the statute require that it must be filed either in person, by registered mail, or by certified mail. See *Dubrosky* v. *Boehringer Ingelheim Corp.*, 145 Conn. App. 261, 274, 76 A.3d 657 ("[i]t is well settled that notice provision under the [act] should be strictly construed" [internal quotation marks omitted]), cert. denied, 310 Conn. 935, 78 A.3d 859 (2013). The record provided to us on appeal contains no properly filed form 43.[9]

Accordingly, we agree with the plaintiff that the board improperly changed a finding of the commissioner and relied on that changed finding in its decision.

II

The plaintiff next claims that the board erred in affirming the commissioner's denial of the motion to preclude the defendant from contesting liability on the basis of the defense of "impossibility." Specifically, she argues that the defense of impossibility, as articulated in *Dubrosky* v. *Boehringer Ingelheim Corp.*, supra, 145 Conn. App. 269–70, is not applicable when an employer

contests liability rather than the extent of disability. She contends that if an employer chooses to *contest liability* for the employee's injuries, it must file a proper and timely form 43, regardless of whether the employee submitted medical bills within twenty-eight days of the employee's filing of form 30C. We agree.[10]

The following additional facts aid in our analysis. The commissioner concluded that there was no evidence that the plaintiff had "claimed either medical or indemnity benefits for her alleged injuries during the [twenty-eight] day period following the filing of the form 30C," and that because the plaintiff had not submitted a claim for any benefits during that time, "[i]t was impossible for the respondents to comply with the statutory requirements to issue any benefit payments during [that twenty-eight] day period . . . ."

In her appeal to the board, the plaintiff argued that the commissioner improperly concluded that the defense of impossibility applied in this case and that it improperly denied her motion to preclude the defendant from contesting liability. She contended that the commissioner was required to grant her motion because he found that the defendant had failed to file a proper and timely form 43, as is required by § 31-294c (b), to contest liability.

The board affirmed the commissioner's decision, concluding in relevant part that "[t]he [plaintiff] simply did not proffer a credible argument that subsequent to filing her form 30C, the [defendant] failed in [its] obligation to respond, and, therefore, the 'safe harbor' under *Dubrosky* [v. *Boehringer Ingelheim Corp.*, supra, 145 Conn. App. 269–70] was in effect [because] the [defendant] filed a form 43 within the one year period provided . . . under § 31-294c . . . . In the present case, the trial commissioner found that there had been no event subsequent to the [plaintiff] filing the form 30C to which the [defendant] could have reacted and determined [its] 'safe harbor' was in place."[11]

The plaintiff argues that the board improperly found that the defendant properly had filed a form 43; see part I of this opinion; and it improperly concluded that the commissioner correctly determined that the "safe harbor" provision articulated in *Dubrosky* applied to cases in which an employer was attempting to contest *liability* rather than to contest the *extent of disability*. We agree.

In *Dubrosky*, the dispositive issue was whether the employer was precluded from contesting *the extent of a disability* under § 31-294c (b) because it had been impossible for it to have commenced payment of compensation within the statutory twenty-eight day time period because no medical bills had been submitted to it during that time period. *Dubrosky* v. *Boehringer Ingelheim Corp.*, supra, 145 Conn. App. 263; see generally *Harpaz* v. *Laidlaw Transit, Inc.*, 286 Conn. 102,

130, 942 A.2d 396 (2008) (under § 31–294c (b), if employer neither timely pays nor timely contests liability, conclusive presumption of compensability attaches and employer is barred from contesting employee's right to receive compensation on any ground or extent of employee's disability). Unlike the present case, the defendant employer in *Dubrosky* did not contest liability; it contested only the extent of the plaintiff's disability. *Dubrosky* v. *Boehringer Ingelheim Corp.*, supra, 266.

The plaintiff in *Dubrosky* fell during a work related business call on January 9, 2009, and injured his knee. Id., 264. He reported the injury to his supervisor on January 12, 2009, but did not seek immediate medical attention or miss time from work. Id. More than one month later, on February 18, 2009, the plaintiff filed a form 30C seeking compensation for the injury to his knee. Id., 265. Beginning on February 27, 2009, the plaintiff began seeking medical treatment from various providers, but the defendant did not begin receiving bills for the plaintiff's injury until June, 2009, which bills it paid. Id. On October 20, 2009, the defendant employer filed a form 43 contesting the plaintiff's claim. Id. The defendant also filed a motion to dismiss the claim, and the plaintiff filed a motion to preclude the defendant from contesting *liability and the extent of disability*. Id., 266. At a January 31, 2011 hearing, the defendant withdrew its motion to dismiss and *accepted the plaintiff's claim*, but it argued that it should be permitted to contest the extent of the plaintiff's disability and, therefore, that the motion to preclude should be denied. Id. The commissioner granted the motion to preclude the defendant from contesting both liability and the extent of disability because, although the defendant could not have commenced payment within twenty-eight days, it could have filed a form 43 during that period. Id. The board upheld the commissioner's decision. Id., 267.

On appeal to this court, the defendant claimed that the board improperly affirmed the decision of the commissioner. Id. It argued that it could not have complied with § 31-294c (b) to contest its liability because no medical bills had been generated within the twenty-eight statutory time period. Id. This court concluded that "it was not reasonably practical for the board to require the defendant to have complied with § 31-294c (b) . . . ." Id. We reasoned that the defendant could not have commenced payment of medical bills because no bills had been submitted for payment, and the defendant could not be required to file a form 43 within twenty-eight days of the plaintiff's claim because the defendant was not contesting liability; it was contesting only the extent of disability. Id., 271.

In *Dubrosky*, this court explained that there is an important distinction between an employer who is con-

testing liability and one who solely is contesting the extent of the employee's disability: "This distinction is not a superficial one, as an employer who is contesting liability is distinguishable from one who solely contests the extent of the disability. For example, in *Adzima* v. *UAC/Norden Division*, 177 Conn. 107, 113, 411 A.2d 924 (1979), our Supreme Court recognized the difference between an employer contesting the extent of the employee's disability instead of its liability: The statute clearly speaks to a threshold failure on the employer's part to contest liability: to claim, for example, that the injury did not arise out of and in the course of employment . . . that the injury fell within an exception to the coverage provided by [workers'] compensation . . . or that the plaintiff was not an employee of the defendant, but an independent contractor . . . . See id., 114 (no question that [employee's] injury was a compensable injury within the terms of the [workers'] compensation statute, i.e., that he had a right to receive compensation; the only contest concerned the extent of his lower back disability)." (Internal quotation marks omitted.) *Dubrosky* v. *Boehringer Ingelheim Corp.*, supra, 145 Conn. App. 271–72; see also *Adzima* v. *UAC/Norden Division*, supra, 113–14 (conclusive presumption does not bar employer, who has accepted liability and paid benefits on claim, from contesting extent of disability).

This court, in *Dubrosky*, then distinguished how the defendant in that case had been placed in a situation that the act had not contemplated: "The circumstances of this case, however, place the defendant squarely within a situation that the statutory scheme fails to contemplate, namely, where an employee files a form 30C claim for which *the employer does not contest liability* but fails to generate medical bills within twenty-eight days for the employer to commence payment. To require strict compliance in a case such as this creates an incentive for claimants to deliberately delay seeking medical treatment until the very end of the twenty-eight day period such that the employer cannot file a timely form 43 to avoid being precluded from contesting the extent of the claimant's disability because no medical bills are generated sufficiently within the statutory time period to allow the employer to commence payment. . . .

"Thus, where notice, by filing a form 43 or commencing medical payments is impossible to provide in a timely manner, the failure to comply strictly with § 31-294c (b) will not preclude the employer from contesting *the extent of the employee's disability*. . . . Finally, we note the limited applicability of this excusing of strict compliance because in the vast majority of workers' compensation cases it will be possible for an employer either to file a truthful form 43 because it is actually contesting liability or to pay medical bills generated by the claimant within twenty-eight days. As *neither option* was available to the defendant under

the circumstances of this case, it should not be precluded from *contesting the extent of the plaintiff's disability* when it filed its form 43 [seeking to contest only the extent of disability] within one year from the date of the injury." (Citations omitted; emphasis added; internal quotation marks omitted.) *Dubrosky* v. *Boehringer Ingelheim Corp.*, supra, 145 Conn. App. 273–75.

The *Dubrosky* case is similar to the present case only insofar as the defendant in *Dubrosky* did not file a form 43 within twenty-eight days of the plaintiff's claim, and it was unable to commence payment within twenty-eight days because no medical bills had been submitted during that time and the plaintiff continued to work. See id. The defendant in *Dubrosky*, however, began paying medical bills upon receipt, and it then filed a form 43 to contest the extent of the plaintiff's disability. See id., 265. This court held that, under such circumstances, when a defendant employer does not challenge the claim of a work related injury, but challenges only the extent of the plaintiff's disability, strict compliance with the twenty-eight day statutory timeframe to begin payment of benefits will be excused when it is impossible for the plaintiff to comply. Id., 273–75. In *Dubrosky*, the defendant complied with the statute insofar as it was able, by commencing payment of medical bills when they were received and then filing a form 43 to challenge the extent of the plaintiff's disability. Although the defendant may have been precluded from challenging that the plaintiff's claim was work related, it was not precluded from challenging the extent of the plaintiff's disability because it began payments as soon as it could and it then filed a form to contest the extent of the plaintiff's disability. Consequently, the "safe harbor" discussed in *Dubrosky* applies only when the employer is contesting the extent of the employee's injury, and does not apply to an employer who is contesting liability.

In the present case, although the defendant could not commence payment within the twenty-eight day statutory time period because the plaintiff's bills were submitted several years later, it certainly could have filed its form 43 contesting liability within twenty-eight days of when it received the plaintiff's form 30C. In fact, although the defendant did not timely file its form 43 with the commission, it did serve the plaintiff with a copy of it within the statutorily prescribed time. In that form 43, which was untimely transmitted by facsimile to the commission, the defendant specifically alleged that the plaintiff's injuries "did not arise out of or in the course of her employment at [the defendant] and cannot be causally traced to such employment in accordance with [§] 31-275." Because the defendant was not seeking solely to contest the extent of the plaintiff's disability, but, rather, was contesting its liability for the plaintiff's claim, i.e., contesting that her repetitive trauma injuries were work related, it was not impossible

for the defendant to file a form 43 disclaiming its liability within the statutory twenty-eight day timeframe. Accordingly, *Dubrosky* is not only distinguishable from the present case, but it actually reinforces the requirement that an employer who is contesting liability must strictly comply with the filing requirements of § 31-294c (b).

Because the defendant failed to file a form 43 to contest its liability for the plaintiff's work related repetitive trauma claim within twenty-eight days of the plaintiff's filing of her claim, we conclude that the plaintiff's motion to preclude the defendant from *contesting liability* should have been granted.

The decision of the Compensation Review Board is reversed and the case is remanded to the board with direction to reverse the decision of the commissioner denying the plaintiff's motion to preclude and to remand the case to the commissioner for further proceedings according to law.

In this opinion the other judges concurred.

[1] General Statutes § 31-301b provides: "Any party aggrieved by the decision of the Compensation Review Board upon any question or questions of law arising in the proceedings may appeal the decision of the Compensation Review Board to the Appellate Court, whether or not the decision is a final decision within the meaning of section 4-183 or a final judgment within the meaning of section 52-263."

[2] "A form 30C is the name of the form prescribed by the workers' compensation commission of Connecticut for use in filing a notice of claim under the [Workers' Compensation Act, General Statutes § 31-275 et seq.]." (Internal quotation marks omitted.) *Wiblyi* v. *McDonald's Corp.*, 168 Conn. App. 77, 80 n.5, 144 A.3d 1075 (2016).

[3] "A form 43 is a disclaimer that notifies a claimant who seeks workers' compensation benefits that the employer intends to contest liability to pay compensation. If an employer fails timely to file a form 43, a claimant may file a motion to preclude the employer from contesting the compensability of his claim. . . . The form 43 generally must be filed within twenty-eight days of receiving written notice of the claim." (Citation omitted; internal quotation marks omitted.) *Wiblyi* v. *McDonald's Corp.*, 168 Conn. App. 77, 79 n.2, 144 A.3d 1075 (2016); see General Statutes § 31-294c.

[4] The defendant filed a motion to bifurcate the motion to preclude from the other issues pending before the commission. The plaintiff had no objection to bifurcation, and the commissioner granted the motion.

[5] Following her appeal to the board, the plaintiff also filed a motion to correct the commissioner's findings and conclusion, which the commissioner denied.

[6] General Statutes § 31-294c (b) provides in relevant part: "Whenever liability to pay compensation is contested by the employer, he shall file with the commissioner, on or before the twenty-eighth day after he has received a written notice of claim, a notice in accord with a form prescribed by the chairman of the Workers' Compensation Commission stating that the right to compensation is contested, the name of the claimant, the name of the employer, the date of the alleged injury . . . and the specific grounds on which the right to compensation is contested. The employer shall send a copy of the notice to the employee in accordance with section 31-321. If the employer or his legal representative fails to file the notice contesting liability on or before the twenty-eighth day after he has received the written notice of claim, the employer shall commence payment of compensation for such injury . . . on or before the twenty-eighth day after he has received the written notice of claim, but the employer may contest the employee's right to receive compensation on any grounds or the extent of his disability within one year from the receipt of the written notice of claim, provided the employer shall not be required to commence payment of compensation when the written notice of claim has not been properly served in accordance with section 31-321 or when the written notice of claim fails to include a

warning that (1) the employer, if he has commenced payment for the alleged injury . . . on or before the twenty-eighth day after receiving a written notice of claim, shall be precluded from contesting liability unless a notice contesting liability is filed within one year from the receipt of the written notice of claim, and (2) the employer shall be conclusively presumed to have accepted the compensability of the alleged injury . . . unless the employer either files a notice contesting liability on or before the twenty-eighth day after receiving a written notice of claim or commences payment for the alleged injury . . . on or before such twenty-eighth day. An employer shall be entitled, if he prevails, to reimbursement from the claimant of any compensation paid by the employer on and after the date the commissioner receives written notice from the employer or his legal representative, in accordance with the form prescribed by the chairman of the Workers' Compensation Commission, stating that the right to compensation is contested. Notwithstanding the provisions of this subsection, an employer who fails to contest liability for an alleged injury . . . on or before the twenty-eighth day after receiving a written notice of claim and who fails to commence payment for the alleged injury . . . on or before such twenty-eighth day, shall be conclusively presumed to have accepted the compensability of the alleged injury . . . ."

[7] General Statutes § 31-321 requires that "[u]nless otherwise specifically provided, or unless the circumstances of the case or the rules of the commission direct otherwise, any notice required under this chapter to be served upon an employer, employee or commissioner shall be by written or printed notice, service personally or by registered or mail addressed to the person upon whom it is to be served at the person's last-known residence or place of business. Notices on behalf of a minor shall be given by or to such minor's parent or guardian or, if there is no parent or guardian, then by or to such minor."

[8] Form 43 contains the following language, printed across the bottom of the form: "This notice must be served upon the Commissioner and Employer (or representative, if applicable) by personal presentation or by registered or certified mail. When medical care is the issue for contest, send a copy of this form to the medical provider also. For the protection of both parties, the claimant should note the date when this notice was received and the employer/insurer should keep a copy of this notice with the date it was served." (Emphasis omitted.)

[9] We are aware that § 31-294c (c) contains a savings provision for a defect in an employee's notice of claim: "No defect or inaccuracy of notice of claim shall bar maintenance of proceedings unless the employer shows that he was ignorant of the facts concerning the personal injury and was prejudiced by the defect or inaccuracy of the notice." General Statutes § 31-294c (c). The extent to which this provision may save a form 30C that was not served in accordance with § 31-321 is not before us. We note, however, that § 31-294c (c) contains no language that extends this savings provision to an employer filing a disclaimer.

[10] We note that, in the present case, our construction of § 31-294c (b) is guided by appellate case law and our Supreme Court's interpretation of the statute, which it has determined to be ambiguous. See *Donahue* v. *Veridiem, Inc.*, 291 Conn. 537, 547–49, 970 A.2d 630 (2009) (§ 31-294c [b] is not plain and unambiguous on issue of employer's role once preclusion has been granted); *Harpaz* v. *Laidlaw Transit, Inc.*, 286 Conn. 102, 111, 942 A.2d 396 (2008) (§ 31-294c (b) does not yield plain meaning on issue of preclusion). Additionally, the worker's compensation section of the Connecticut Practice Series has indicated that there is confusion regarding § 31-294c (b) and that the chairman of the board repeatedly has called for legislative guidance on the issue of preclusion. See R. Carter et al., 19 Connecticut Practice Series: Workers' Compensation (Supp. 2018–2019) § 18:11, pp. 448–50.

[11] We assume that the board is referring to the twenty-eight day period after the plaintiff filed her form 30C.