******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

GARY SALERNO *v.* LOWE'S HOME
IMPROVEMENT CENTER ET AL.
(AC 42344)

Alvord, Elgo and Eveleigh, Js.

*Syllabus*

The defendant employer and its workers' compensation insurer appealed
to this court from the decision of the Compensation Review Board,
which affirmed the decision of the Workers' Compensation Commis-
sioner granting the plaintiff employee's motion to preclude the defen-
dants from contesting the compensability of his injuries pursuant to
statute (§ 31-294c (b)). The defendants received the plaintiff's notice of
claim for compensation but did not file any response until eighteen
months later, when they filed a form 43 in which they contested liability
for his injuries. The commissioner found that the plaintiff properly filed
his notice of claim and that the defendants had not paid him for any of
his lost time from work or for any of his medical treatment related to
his claim for compensation. The defendants appealed to the board,
claiming that the exception to the preclusion provision in § 31-294c (b)
recognized in *Dubrosky* v. *Boehringer Ingelheim Corp.* (145 Conn. App.
261) was applicable because the plaintiff's failure to present a claim for
medical or indemnity benefits within the twenty-eight day time period
mandated by § 31-294c (b) made it impossible for the defendants to
avail themselves of the one year safe harbor provision of § 31-294c (b),
which permits an employer to contest the employee's right to receive
compensation on any grounds or the extent of the employee's disability
when the employer has failed to contest liability for the plaintiff's injuries
within the twenty-eight day time period but commences payment within
the twenty-eight day time period. The board rejected the defendants'
claim that the exception recognized in *Dubrosky* was applicable and
affirmed the commissioner's decision. *Held* that the board properly
determined that the defendants were precluded from contesting their
liability for the plaintiff's injuries; the defendants did not accept liability
for the plaintiff's injuries, they belatedly filed a form 43 in which they
denied liability, they did not pay the plaintiff for any of his lost time
from work or for his medical treatment, and this court declined to
extend the exception to the preclusion provision of § 31-294c (b) for
the reasons stated in *Dominguez* v. *New York Sports Club* (198 Conn.
App. 854), which this court released today, as the complex nature of
the workers' compensation scheme required that policy determinations
and the creation of exceptions to § 31-294c (b) be left to the legislature.

Argued January 13—officially released July 14, 2020

*Procedural History*

Appeal from the decision of the Workers' Compen-
sation Commissioner for the Sixth District granting
the plaintiff's motion to preclude the defendants from
contesting liability as to his claim for certain workers'
compensation benefits, brought to the Compensa-
tion Review Board, which affirmed the commissioner's
decision, and the defendants appealed to this court.
*Affirmed.*

*Paul M. Shearer*, for the appellants (defendants).

*Robert C. Lubus*, *Jr.*, with whom, on the brief, were
*Richard O. LaBrecque* and *Donald J. Trella*, for the
appellee (plaintiff).

*Opinion*

ELGO, J. The defendant employer, Lowe's Home Improvement Center,[1] appeals from the decision of the Compensation Review Board (board) affirming the decision of the Workers' Compensation Commissioner (commissioner), who concluded that the defendant was precluded under General Statutes § 31-294c (b) from contesting both liability for, and the extent of, repetitive trauma injuries allegedly sustained by the plaintiff, Gary Salerno. On appeal, the defendant claims that the board improperly concluded that the present case did not fall within the narrow exception to the preclusion provision of § 31-294c (b) recognized by this court in *Dubrosky* v. *Boehringer Ingelheim Corp.*, 145 Conn. App. 261, 76 A.3d 657, cert. denied, 310 Conn. 935, 78 A.3d 859 (2013). We disagree and, accordingly, affirm the decision of the board.

Relevant to this appeal are the following facts found by the commissioner. From March 3, 2006 to December 19, 2012, the plaintiff was employed by the defendant as a sales specialist in its plumbing department, which required him to lift heavy objects.[2] On November 27, 2013, the plaintiff completed a form 30C,[3] in which he sought compensation for a repetitive trauma injury to his lumbar spine that he allegedly sustained as a result of "lifting" items in the course of his employment with the defendant. The Workers' Compensation Commission received the plaintiff's notice of his claim for compensation on November 29, 2013; the defendant received it prior to December 3, 2013. Over the next eighteen months, the defendant did not file any response to the plaintiff's notice. In addition, the commissioner expressly found that the defendant "did not pay the [plaintiff] for any of his lost time from work or for any of the medical treatment related to the repetitive trauma claim [for compensation]."

On June 18, 2015, the defendant filed a belated form 43,[4] in which it contested liability for the plaintiff's injuries.[5] In response, the plaintiff filed a motion to preclude pursuant to § 31-294c (b) on July 13, 2015. A formal hearing was held before the commissioner on February 11, 2016. In his subsequent decision, the commissioner found that the plaintiff properly had filed a notice of his claim for compensation. The commissioner further found that the defendant "neither timely disclaimed nor paid the [plaintiff's] indemnity or medical costs in order to avail itself of the safe harbor provision [of] § 31-294c."[6] On that basis, the commissioner granted the plaintiff's motion to preclude.

The defendant then filed a petition for review with the board, claiming that the present case fell within the narrow exception to the preclusion provision of § 31-294c (b) articulated by this court in *Dubrosky* v. *Boehringer Ingelheim Corp.*, supra, 145 Conn. App. 261.[7]

The board disagreed and affirmed the decision of the commissioner, and this appeal followed.

On appeal, the defendant challenges the board's conclusion that the *Dubrosky* exception does not apply in the present case. Specifically, it claims that "[t]he plaintiff's failure to present a claim for medical or indemnity benefits within the twenty-eight day statutory period following the filing of the form 30C made it impossible for the [defendant] to avail [itself] of the one year safe harbor" of § 31-294c (b). For that reason, the defendant submits that "[t]he facts in this case are indistinguishable from the facts in *Dubrosky*." We disagree.

In *Dubrosky*, the defendant employer accepted that an incident had occurred but sought to maintain its ability to contest the extent of the plaintiff's disability. *Dubrosky* v. *Boehringer Ingelheim Corp.*, supra, 145 Conn. App. 266. That employer also paid all medical bills submitted to it by the plaintiff's physician. Id., 265. Given those unique circumstances, this court concluded "that, *under the facts of this case*, it was not reasonably practical for the board to require the defendant to have complied with § 31-294c (b) . . . ." (Emphasis added.) Id., 267. As we recently explained, "[t]his court held [in *Dubrosky*] that, under such circumstances, when a defendant employer does not challenge the claim of a work-related injury, but challenges only the extent of the plaintiff's disability, strict compliance with the twenty-eight day statutory time frame to begin payment of benefits will be excused when it is impossible for the [employer] to comply." *Woodbury-Correa* v. *Reflexite Corp.*, 190 Conn. App. 623, 638, 212 A.3d 252 (2019), citing *Dubrosky* v. *Boehringer Ingelheim Corp.*, supra, 273–75.

Unlike the defendant employer in *Dubrosky*, the defendant here has not accepted liability for the plaintiff's injuries. Rather, it filed a belated form 43 in which it denied liability. Moreover, as the commissioner found in his decision, the defendant "did not pay the [plaintiff] for any of his lost time from work or for any of the medical treatment related to the repetitive trauma claim [for compensation]." Contrary to the contention of the defendant, this case is patently distinguishable from *Dubrosky*. Accordingly, the board properly determined that the defendant was precluded from contesting its liability for the plaintiff's injuries. See *Woodbury-Correa* v. *Reflexite Corp.*, supra, 190 Conn. App. 639.

To the extent that the defendant invites us to extend the narrow exception to the preclusion provision articulated in *Dubrosky*, we decline to do so for the reasons set forth in *Dominguez* v. *New York Sports Club*, 198 Conn. App. 854, A.3d (2020), which also was released today. In so doing, we reiterate that "[i]t is not the court's role to acknowledge an exclusion when the legislature painstakingly has created such a complete statute. We consistently have acknowledged that the

act is an intricate and comprehensive statutory scheme. . . . The complex nature of the workers' compensation system requires that policy determinations should be left to the legislature, not the judiciary." (Citations omitted; internal quotation marks omitted.) *McCullough* v. *Swan Engraving, Inc.*, 320 Conn. 299, 310, 130 A.3d 231 (2016); see also *Wiblyi* v. *McDonald's Corp.*, 168 Conn. App. 92, 107, 144 A.3d 530 (2016) ("we will not recognize, in the absence of legislative action" new exception to § 31-294c (b)); *Izikson* v. *Protein Science Corp.*, 156 Conn. App. 700, 713, 115 A.3d 55 (2015) (expressly declining "to carve out another exception" to statutory scheme embodied in § 31-294c "because we believe that the legislature, rather than this court, is the proper forum through which to create" additional exceptions to that statute).

The decision of the Compensation Review Board is affirmed.

In this opinion the other judges concurred.

[1] Both the defendant employer, Lowe's Home Improvement Center, and its insurer, Sedgwick CMS, Inc., were named as defendants in this matter. For convenience, we refer to Lowe's Home Improvement Center as the defendant.

[2] As the board recounted in its decision, the plaintiff's "job required the repetitive lifting of heavy plumbing fixtures, some of which weighed over 100 pounds. The [plaintiff] experienced increasing difficulty lifting heavy objects until he was ultimately unable to do his job in December, 2012. He reported worsening sciatic pain down his right leg and eventually reached a point where he could no longer walk for more than ten or fifteen minutes without having to stop and rest. In December, 2012, he stopped working and consulted his family physician . . . who, in January, 2013, prescribed physical therapy. When this treatment did not result in long-term relief, [the physician] referred the [plaintiff] to [a neurosurgeon who] ordered [a magnetic resonance imaging scan] and suggested pain management and an injection, neither of which provided any relief. [The neurosurgeon] then recommended an L4–5 lumbar fusion, which he performed on June 17, 2013."

[3] "A form 30C is the form prescribed by the [W]orkers' [C]ompensation [C]ommission . . . for use in filing a notice of claim under the [Workers' Compensation Act, General Statutes § 31-275 et seq.]." (Internal quotation marks omitted.) *Carter* v. *Clinton*, 304 Conn. 571, 576 n.4, 41 A.3d 296 (2012).

[4] "A form 43 is a disclaimer that notifies a claimant who seeks workers' compensation benefits that the employer intends to contest *liability* to pay compensation. If an employer fails timely to file a form 43, a claimant may file a motion to preclude the employer from contesting the compensability of his claim. . . . The form 43 generally must be filed within twenty-eight days of receiving written notice of the claim." (Citation omitted; emphasis added; internal quotation marks omitted.) *Wiblyi* v. *McDonald's Corp.*, 168 Conn. App. 77, 79 n.2, 144 A.3d 1075 (2016).

[5] In the portion of the form titled "Reason(s) for Contest," the defendant stated: "Alleged injury/disability for both body parts, does not arise out of or in the course of employment. Claim is also time barred."

[6] Under the one year safe harbor provision embodied in § 31-294c (b), an employer that fails to timely contest liability for the plaintiff's injuries within the twenty-eight day time period in § 31-294c (b) but that commences payment within that twenty-eight day time period is granted a one year period in which to contest the employee's right to receive compensation on any grounds or to contest the extent of the employee's disability. See *Dominguez* v. *New York Sports Club*, 198 Conn. App. 854, 874, A.3d (2020); see also General Statutes § 31-294c (b).

[7] The defendant also argued that the plaintiff's claim for compensation, as memorialized in his form 30C, was "too vague to support preclusion." The board rejected that contention, and the defendant does not contest the propriety of the board's determination in this appeal.